No. 43,731

Joe O. Harper, *Appellee* and *Cross Appellant*, v. The Coffey Grain Company, Inc., *Appellant* and *Cross Appellee*.

(388 P. 2d 607)

Opinion filed January 25, 1964.

*Frank C. Norton* and *Jerry E. Norton,* both of Salina, argued the cause and were on the brief for the appellant and cross appellee.

*Thomas R. Oglevie,* of Goodland, argued the cause and was on the brief for the appellee and cross appellant.

The opinion of the court was delivered by

SCHROEDER, J.: This is a workmen's compensation case in which the respondent appeals from a judgment of the district court sustaining a motion of the claimant to quash the respondent's appeal from an order of a workmen's compensation examiner. The claimant cross-appeals from an order of the district court remanding the case for review by the workmen's compensation director and in assessing the costs to the claimant.

The basic question is whether the district court erred in sustaining the claimant's motion to quash the respondent's appeal to the district court and in remanding the case to the workmen's compensation director.

The facts giving rise to the issue presented are not in dispute.

The claimant filed his application for hearing on a workmen's compensation claim on April 11, 1962. Thereafter, a hearing was held and evidence submitted to an examiner by both parties. On April 9, 1963, the examiner filed his award with the workmen's compensation director, awarding the claimant compensation against the respondent, a self insurer.

On April 11, 1963, the respondent requested the workmen's compensation director to review the award of the examiner as provided in G. S. 1961 Supp., 44-551.

On April 12, 1963, claimant made demand upon the respondent and its attorney of record for payment of the award pursuant to G. S. 1961 Supp., 44-512a.

By letter dated April 17, 1963, the director set the hearing on the application for review of the award entered by the examiner for May 10, 1963, this being more than twenty days after service upon the respondent of claimant's 44-512a demand for payment.

On April 29, 1963, and prior to the hearing of respondent's request for review, respondent filed a notice of appeal "from all decisions, findings, awards and rulings of the Examiner in the above entitled matter, which is shown filed on the 9th day of April, 1963, to the District Court of Sherman County, Kansas, all within the terms and provisions of G. S. 1961 Supp., 44-556."

The respondent also filed an appeal bond as required by G. S. 1949, 44-530 and G. S. 1961 Supp., 44-556, since it was a self insurer.

The respondent accompanied the notice of appeal with a letter to the director, the body of which reads:

"Enclosed please find 'Notice of Appeal' in the above captioned matter which I would appreciate your filing according to Law. It remains the desire of my client, Coffey Grain Company, that the review set by you for May 9, or May 10 be heard."

After the notice of appeal was given, the workmen's compensation director transmitted a certified copy of the notice of the appeal to the clerk of the district court along with the award of the examiner and other papers pertaining to the action.

On May 3, 1963, following receipt of the respondent's notice of appeal, the workmen's compensation director sent a letter to counsel for both the claimant and the respondent, the material portion of which reads:

"As you know, a hearing on an application for review of the award entered by Examiner Thomas C. Boone on April 9, 1963, has been set for Friday, May 10, 1963, at the court house in Salina. However, since this case has now been appealed to the District Court, it is my opinion that this divests me of jurisdiction in the matter. Therefore I deem it advisable to cancel said hearing in Salina on May 10."

Thereafter, on May 6, 1963, counsel for the claimant sent a letter to the workmen's compensation director which reads in part:

". . . I can appreciate your belief that the later appeal has deprived you of jurisdiction in this matter, but I am wondering whether it would be possible for you to issue a formal decision that the request for review is cancelled, nullified, or set aside due to the later appeal and that the request for review is accordingly dismissed? If this is possible, it would be greatly appreciated."

Following this letter the director, in the absence of any appearances by counsel, issued an order dismissing the respondent's review proceedings for lack of jurisdiction. The order was made effective May 10, 1963.

Thereafter, claimant filed a motion to quash the appeal of the respondent to the district court on the ground that "the pretended Notice of Appeal in this matter is insufficient to grant this court jurisdiction of the subject matter of this action."

The claimant's motion to quash the appeal was sustained by the district court on the 10th day of June, 1963. The material portion of the journal entry reads:

"That the appeal is premature because the appellant had asked for a hearing from the Workmen's Compensation Director in compliance with 44-551; that at the time the appeal was made the Workmen's Compensation Director had not yet made a determination; that despite the conflict between 44-551, 44-549, and 44-512a that a workmen's compensation matter is not appealable until the final order is made in compliance with 44-551; therefore, the Motion to Quash is sustained, and the case is remanded for review by the Director.

"The costs of this action are charged to the Claimant."

On the same day (June 10, 1963) the claimant filed an action in the same district court to recover the total amount of the examiner's award, relying on G. S. 1961 Supp., 44-512a. Because of claimant's conflicting position in these two cases, the district court stayed the 44-512a action pending the outcome of the instant appeal.

Both parties to this appeal take inconsistent positions. The claimant argues an appeal from an award of an examiner *per se* with nothing else happening to the examiner's award is insufficient to comply with G. S. 1961 Supp., 44-556. Yet, the claimant apparently felt such an award sufficient to serve a notice under 44-512a, *supra.* The claimant further takes the position that the respondent's failure to appeal from the order of the director dismissing the review proceedings renders such order final, and presumably, under the claimant's theory, ripens the examiner's award into a final award for the claimant.

The respondent, on the other hand, in its brief says after giving consideration to 44-512a, *supra,* and G. S. 1961 Supp., 44-549, that it determined, in order to protect itself from the effects of 44-512a, *supra,* it must file an appeal and post the required bond. The respondent, however, takes the position that G. S. 1961 Supp., 44-551, was not intended to affect the jurisdiction of the district court to hear appeals by reason of the specific provision therein relating to appeals taken pursuant to G. S. 1961 Supp., 44-556, and says the director's action in this case is an apparent acquiescence in such interpretation. The respondent further cites the court to the provisions of G. S. 1961 Supp., 44-549, which makes the examiner's award, when filed in the office of the commissioner, deemed to be the award of the commissioner. It thus argues the award of the examiner, having been filed with the director, became under 44-549, *supra,* the award of the director and thus appealable under 44-556, *supra.*

Throughout this opinion it should be noted that review proceedings contemplated by G. S. 1961 Supp., 44-551 are not the review proceedings contemplated by the provisions of G. S. 1961 Supp., 44-528, and all reference to review proceedings herein is limited to such proceedings as are contemplated under 44-551, *supra*. (See, *Duncan v. Davidson Construction Co.*, 170 Kan. 520, 227 P. 2d 95.)

By the term "final award" as used throughout this opinion is meant such an award as will sustain an appeal taken pursuant to G. S. 1961 Supp., 44-556, "from any and all decisions, findings, awards or rulings of the director to the district court." It must further be recognized that such "final award," whether appealed or not, is subject to the review proceedings contemplated by the provisions of 44-528, *supra*.

To say the least, this is a bizarre proceeding in a workmen's compensation case. It has come all the way to the Supreme Court prior to the issuance of a final award to the claimant by the director in the workmen's compensation proceedings. All was initiated by the erroneous 44-512a demand issued by the claimant, prior to the issuance of a final award by the director in the workmen's compensation proceedings. The claimant is therefore in no position to complain of delay in this matter.

G. S. 1961 Supp., 44-512a, in pertinent part, reads:

*"That if any compensation awarded, agreed upon or adjudged under the provisions of the workmen's compensation act* of this state or any installment thereof shall not be paid to the employee or other person entitled thereto *when due,* and service of written demand for payment has been made personally or by registered mail on the person, firm or corporation liable to pay the same and on the attorney of record of such person, firm or corporation, payment of said demand is thereafter either refused or not made within twenty (20) days from the date of service of said demand, then the entire amount of compensation awarded, agreed upon or adjudged shall become immediately due and payable and said employee or other person entitled to said compensation may maintain an action in any court of competent jurisdiction for the collection thereof in like manner as for the collection of a debt. . . ." (Emphasis added.)

Until a workmen's compensation award becomes the final award of the workmen's compensation commissioner (now director), it is not due the claimant. Thus, before a claimant may invoke the provisions of the foregoing statute as construed by this court, the compensation awarded must be the final award of the director.

This statute (44-512a, *supra*) was before the court in *Bentley v. State Department of Social Welfare,* 187 Kan. 340, 356 P. 2d 791,

where it was said the statute is designed to insure the prompt payment of compensation awards, and held that an appeal from the final award of the commissioner did not stay the operation of the statute if the employer was served with the required notice under 44-512a, *supra*. The statute was again before the court in *Harris v. Moore Associates of Topeka,* 188 Kan. 822, 365 P. 2d 1085, where it was further clarified; and again in *Teague v. George,* 188 Kan. 809, 365 P. 2d 1087, where a supersedeas bond filed by the employer and his insurance carrier was held not to stay payment of compensation pending the appeal, or a prosecution of the statutory action commenced by the workman under 44-512a, *supra*, to recover a lump sum judgment.

G. S. 1961 Supp., 44-551, provides, among other things, that:

". . . all acts, findings, awards, decisions, rulings or modifications of findings or awards made by such examiner, shall be subject to review and approval by the director upon written request of any interested party within ten (10) days and if no such request is made, then the director shall approve such actions, findings, awards, decisions, rulings or modifications of findings or awards of the examiner and the filing of such a request for review shall not be a prerequisite to an appeal as provided for in section 44-556 of the General Statutes Supplement of 1959. . . ."

This section of the workmen's compensation act was before the court in *Ward v. Marzolf Hardwood Floors, Inc.,* 190 Kan. 809, 378 P. 2d 80, where it was said:

". . . Under the 1959 [1957] act [G. S. 1959 Supp., 44-551] the examiner's award did not become final until approved by the commissioner. Under the 1961 act, as amended, [G. S. 1961 Supp., 44-551] the award of the examiner becomes the award of the director unless within ten days after the filing of the same the aggrieved party makes a written request to review the examiner's award, and if no application for review is made, at the expiration of ten days the award of the examiner becomes the award of the director. . . ." (pp. 810, 811.)

In effect, what the court has said in construing 44-551, *supra*, is that an award of the examiner does not become a final award of the director until the expiration of ten days after it is filed, or until a request for review, filed within the ten-day period by an interested party, is determined by the director.

The portion of 44-551, *supra*, reading "and the filing of such a request for review shall not be a prerequisite to an appeal as provided for in section 44-556 of the General Statutes Supplement of 1959," is construed to mean that an appeal may be taken from the final award of the director, if no request for review is filed with the

director within the ten-day period provided in 44-551, *supra;* but if an interested party files a request for review under 44-551, *supra,* within the ten-day period, no appeal can be taken to the district court until such request for review is ultimately determined by the director, or otherwise terminated by the party making the request.

G. S. 1961 Supp., 44-556, in pertinent part, provides:

"Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the *director* to the district court of the county where the cause of action arose upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the *director*. Such appeal shall have precedence over all other hearings except those of like character, and shall be heard not later than the first term of said court after the appeal has been perfected. On any such appeal the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the *director* as justice may require. . . ." (Emphasis added.)

This statute contemplates appeal to the district court from a final award of the director.

We must consider another section of the workmen's compensation act which on its face conflicts with 44-551, *supra*. G. S. 1961 Supp., 44-549, provides as follows:

"All hearings upon all claims for compensation under this act shall be held by the commissioner, or examiner, in the county in which the accident occurred, unless otherwise mutually agreed by the employee and employer. *The award, finding, decision or order of an examiner when filed in the office of the commissioner shall be deemed to be the award, finding, decision or order of the commissioner.* The commissioner shall for the purpose of this act have power to administer oaths, certify to official acts, take depositions, issue subpoenas, compel the attendance of witnesses and the production of books, accounts, papers, documents, and records to the same extent as is now conferred on district courts of this state under the code of civil procedure." (Emphasis added.)

This section of the statute, as above worded, was passed by the legislature in 1955 and replaced G. S. 1949, 44-549, which made the examiner's award the same as that of the commissioner "when approved and confirmed by the commissioner and filed in the office of the commissioner."

Did the legislature in 44-549, *supra,* as it now appears in the workmen's compensation act, intend to say an award becomes final when filed in the office of the commissioner (now director), so that a demand under 44-512a, *supra,* could be made, and an appeal under 44-556, *supra,* could be taken? If so, it conflicts with 44-551, *supra,* which was enacted six years later. We think the legis-

lature overlooked 44-549, enacted in 1955, when it passed 44-551 in 1961, and therefore hold that the provisions of 44-549 must yield to the provisions of 44-551, as construed herein, to the extent that the provisions conflict as to the finality of an award.

On the facts in this case it will be noted the respondent first requested the director to review the examiner's award pursuant to 44-551, *supra.* Later the respondent appealed the award of the *examiner* to the district court, and this was done before the director had an opportunity to make the previously requested review.

Applying the foregoing statutes as construed to the facts in the instant case, we hold there has been no final award entered by the director in the workmen's compensation proceedings. Therefore, the claimant's demand for payment pursuant to the provisions of 44-512a, *supra,* was premature and ineffectual to authorize an action for a lump sum judgment.

The action taken by the workmen's compensation director on his own motion dismissing the review proceeding, without the appearance of counsel for the respective parties, contrary to the specific written request of counsel for the respondent that the review proceedings set for hearing on May 10, 1963, be heard, was erroneous, and on the authority of *Ward v. Marzolf Hardwood Floors, Inc.,* supra, we hold it to be a nullity. In the *Ward* case action by the director which cut off the claimant's right to review was held to be a nullity.

It may be argued that the appeal by the respondent from the examiner's award constituted a waiver of the review proceedings which it initiated by invoking the review provisions of 44-551, *supra,* but this is inconsistent with the respondent's letter transmitting the notice of appeal to the director wherein the respondent requested that the review proceedings set before the director be heard on the day set.

In view of the inconsistency in the statutes heretofore noted and the premature notice filed by the claimant under 44-512a, *supra,* we do not construe the respondent's appeal to the district court as a waiver of the review proceedings. It cannot be overlooked that the respondent's appeal was from the *award of the examiner* and not from the final award of the director.

We hold the respondent's appeal of the examiner's award to the district court was ineffectual to confer jurisdiction on the district court. It failed to satisfy the requirements of G. S. 1961 Supp.,

44-556 because it was not an appeal from a final award of the director. (See, *Brown v. Shellabarger Mill & Elev. Co.,* 142 Kan. 476, 50 P. 2d 919; and *Employers' Liability Assurance Corp. v. Matlock,* 151 Kan. 293, 98 P. 2d 456.) The district court was therefore correct in sustaining the claimant's motion to quash the appeal on the ground that it lacked jurisdiction.

The claimant argues the district court had no authority to remand the case to the director for further proceedings. It is contended where a court does not have jurisdiction of the subject matter of the action, it can only dismiss the case for want of jurisdiction. (Citing, *Behee v. Beem,* 156 Kan. 115, 131 P. 2d 675; *Moeller v. Moeller,* 175 Kan. 848, 267 P. 2d 536; and *Bryner v. Fernetti,* 141 Kan. 446, 41 P. 2d 712.)

On this appeal the claimant's objection is inconsequential. A determination by the district court that it has no jurisdiction of the appeal sends the case as a matter of course back to the director, and since we hold the director's action dismissing the review proceedings is a nullity, the review proceedings before the director remain pending for further action and determination.

The claimant also specifies in his cross appeal that the district court erred in assessing the costs of the respondent's abortive appeal to the claimant. (Citing, *Kent v. Comm'rs of Labette Co.,* 42 Kan. 534, 22 Pac. 610.)

Obviously, the district court has authority to determine whether it has jurisdiction of an appeal in a workmen's compensation case. In presenting such case to the district court and in making such determination the parties are before the court. In assessing the overall situation presented the district court apparently felt, as does this court, that the entire expense of the appeal was initiated by the erroneous 44-512a demand of the claimant. It therefore assessed the costs to the claimant. In the assessment of costs the district court has broad discretionary powers (G. S. 1949, 60-3706), and we cannot say under the circumstances presented by this case that it abused the exercise of its power of discretion.

The judgment of the lower court dismissing the respondent's appeal and assessing costs to the claimant is affirmed.

Jackson, J., not participating.