No. 43,778

CLIFFORD O. BAMMES (Claimant), *Appellant,* v. VIKING MANUFAC-
TURING COMPANY (Respondent) and TRINITY UNIVERSAL INSUR-
ANCE COMPANY (Insurance Carrier), *Appellees.*

(389 P. 2d 828)

Opinion filed March 7, 1964.

*C. K. Sayler,* of Topeka, argued the cause, and *David H. Fisher, Donald Patterson,* and *Jack L. Summers,* all of Topeka, and *Richard Wells,* of Manhattan, were with him on the briefs for the appellant.

*John F. Stites,* of Manhattan, argued the cause, and *Richard D. Rogers,* of Manhattan, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This case involves the right of an employee to the allowance of an award under the existing provisions of the Workmen's Compensation Act.

The facts necessary for determination of the present appeal, all

of which are supported by the record, are well stated in the memorandum decision of the district court which reads in part:

"This is an appeal in a Workmen's Compensation Case wherein the examiner for the Workmen's Compensation Director found that claimant sustained personal injury and accidental injury on September 17, 1958, and October 10, 1958. The respondent and carrier paid claimant six weeks of temporary total disability and his medical expenses, the last payment being December 9, 1958. In addition the examiner found that compensation should be paid to claimant for a thirty percent loss of use of the left leg (200 weeks × 30 percent = 60 weeks less 6 weeks temporary total, or 54 remaining weeks) and that fifty-four weeks are presently due and owing and should be paid in one lump sum, or $2,052.00 without discount.

"The matter was heard by the examiner at Manhattan, Kansas on September 26, 1962, and his award was filed April 9, 1963. The respondent and insurance carrier appealed to the District Court on April 15, 1963. Both sides filed an application for review by the director, the claimant on April 17, 1963, and the respondent and carrier on April 18, 1963. The director, on April 19, 1963, notified the parties that since an appeal has been filed in the District Court, he was divested of further jurisdiction in the case until the appeal was fully litigated and denied the applications for review."

The district court proceeded to review the award of the examiner and set it aside for the reason that the claimant had not commenced his action for compensation before the director within a reasonable time, the time being over three years after the last compensation was paid. In reaching its conclusion the court cited *Cruse v. Chicago, R. I. & P. Rly. Co.*, 138 Kan. 117, 23 P. 2d 471; *Clark v. Tucker Electric Co.*, 185 Kan. 580, 345 P. 2d 620.

The claimant has appealed to this court from the judgment of the district court setting aside the examiner's award.

At the outset we are required to consider a jurisdictional question which has not been raised by the parties. In doing so we pause to note, without lengthy discussion, a few general principles pertaining to jurisdiction.

If the district court has no jurisdiction over the subject matter, this court has no jurisdiction on appeal. A court has an original and continuing duty to determine whether it has jurisdiction of the subject matter of an action. It is the duty of this court on its own motion to raise the question of jurisdiction. For just a few of our many decisions, where the foregoing principles are considered, discussed and applied, see *Martin v. Forestry, Fish and Game Commission*, 185 Kan. 796, 798, 347 P. 2d 276; *Leach v. Leach*, 184 Kan. 335, 336 P. 2d 425; *Jeffers v. Jeffers*, 181 Kan. 515, 313 P. 2d 233; and *Willey v. Gas Service Co.*, 177 Kan. 615, 281 P. 2d 1092. See, also,

Hatcher's Kansas Digest [Rev. Ed.], Courts, § 12, and West's Kansas Digest, Appeal and Error, § 23.

For reasons to be presently stated we are forced to conclude that since the appeal was taken from the award recommended by the examiner, and not from the final award of the Workmen's Compensation Director, the appeal to the district court was immature.

The right to appeal to the district court from an adverse ruling in a workmen's compensation proceeding is governed by G. S. 1961 Supp., 44-556 which, in part, provides:

"Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the director to the district court of the county where the cause of action arose upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the director. . . . Such appeal shall be taken and perfected by the filing of a written notice of appeal with the director within twenty (20) days after the decision, finding, award or ruling appealed from shall have been made and filed by the director, . . ."

The statutory language just quoted makes it clearly appear that the appeal to the district court is from a decision, finding, award or ruling made and filed by the director, not from the findings or award of the examiner.

The findings and award of the examiner are nothing more than recommendations to the director. They have no effect in and of themselves and are subject to approval, amendment or rejection by the director.

The powers and duties of an examiner and the review by the director are covered by G. S. 1961 Supp., 44-551 which, so far as here pertinent, reads:

". . . under the direction of the director any such examiner may conduct an investigation, inquiry, or hearing in the same manner and with like effect as if done by the director and all acts, findings, awards, decisions, rulings or modifications of findings or awards made by such examiner, shall be subject to review and approval by the director upon written request of any interested party within ten (10) days and if no such request is made, then the director shall approve such actions, findings, awards, decisions, rulings or modifications of findings or awards of the examiner and the filing of such a request for review shall not be a prerequisite to an appeal as provided for in section 44-556 of the General Statutes Supplement of 1959 . . ."

It should be noted that the findings and award of the examiner are subject to review by the director on the written request of any interested party within ten days. If no such request is made, the director shall approve the findings and award of the examiner as a matter of course. After the findings and award are approved by

the director an appeal may be taken, even though there has been no request for review, but if a request for review is made within the ten day period there is no final award from which an appeal can be taken until the director has completed the review proceedings. A premature appeal, taken before the director has approved an award, does not divest the director of jurisdiction to review the findings and award of the examiner.

In the case now before this court the examiner's award was filed on April 9, 1963. The respondent and the insurance carrier appealed to the district court on April 15, 1963. The claimant filed an application for review of the examiner's findings and award on April 17, 1963. The respondent and insurance carrier filed an application for review on April 18, 1963. Both applications for review were filed within ten days from the date of the filing of the examiner's award as provided by G. S. 1961 Supp., 44-551. Under these circumstances the abortive and premature appeal from the findings and recommended award of the examiner did not divest the director of jurisdiction to consider the applications for review. Neither did it give the district court jurisdiction to review the award made by the examiner.

In the recent case of *Harper v. Coffey Grain Co.,* 192 Kan. 462, 388 P. 2d 607, we held:

"An appeal from the examiner's award in a workmen's compensation case, where review proceedings are pending before the director pursuant to G. S. 1961 Supp., 44-551, is ineffectual to confer jurisdiction upon the district court, because it is not an appeal from the final award of the director as contemplated by the provisions of G. S. 1961 Supp., 44-556.

"Provisions of G. S. 1961 Supp., 44-551 set forth in the opinion are construed to mean that an award of the examiner in a workmen's compensation case does not become the final award of the director until the expiration of ten days after it is filed, or until a request for review, filed within the ten day period by an interested party, is determined by the director.

"The provisions of G. S. 1961 Supp., 44-551 reading 'and the filing of such a request for review shall not be prerequisite to an appeal as provided for in section 44-556 of the General Statutes Supplement of 1959' is construed to mean that an appeal may be taken from the final award of the director, if no request for review is filed by an interested party within the ten-day period provided in such statute; but if an interested party file a request for review pursuant thereto within the ten-day period, no appeal can be taken to the district court until such review is ultimately determined by the director, or until such review is otherwise terminated by the party making the request." (Syl. ¶¶ 1, 3 & 4.)

It would serve no useful purpose to extend this opinion by repeating what is said in the opinion in *Harper v. Coffey Grain Co.,*

supra. It suffices to say that what is there stated and held not only sustains but compels our conclusion the judgment in this case must be reversed with instructions to the district court to dismiss the appeal and remand the case to the Workmen's Compensation Director for review as provided by law.

It is so ordered.

FONTRON, J., not participating.