No. 45,170

GERALD GARRIGUES, *Appellant,* v. THE FLUOR CORPORATION, LTD., and AMERICAN MOTORISTS INSURANCE COMPANY, *Appellees.*

(439 P. 2d 111)

Opinion filed April 6, 1968.

*Reginald LaBunker,* of Topeka, argued the cause, and *George E. McCullough, W. L. Parker, Jr., Robert B. Wareheim* and *James L. Rose,* all of Topeka, were with him on the brief for the appellant.

*James P. Mize,* of Salina, argued the cause, and *C. L. Clark, James T. Graves, Aubrey G. Linville* and *C. Douglas Miller,* all of Salina, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal from a judgment of the Ellsworth County District Court denying an award of compensation. For convenience, Gerald Garrigues, the appellant, will be referred to herein by name or as claimant, and the appellees, The Fluor Corporation, Ltd. and American Motorists Insurance Company, will be called respondents.

Mr. Garrigues, a man 50 years of age, was a steam fitter and plumber by occupation. On the morning of October 17, 1963, while working in the Bushton Hydrocarbon plant he was the victim of an explosion which blew him outside the building causing burns about his arms, legs and upper part of his chest. He was hospitalized for treatment from October 17 to 22 and released to return to work on November 2, 1963.

A hearing was held before the workmen's compensation examiner where the issues to be decided were defined as being the extent of disability, the amount of compensation due, if any, and the amount of medical expense to be allowed, if any.

The evidence before the examiner relating to disability need not be recounted in detail. It is sufficient to say that Garrigues claimed no disability except traumatic neurosis and hence the evidence concerning disability centered around this claim. In this connection the depositions of two expert witnesses were introduced, one on behalf of the claimant and the other by the respondents, and these two depositions together with the deposition of Dr. Payne, who treated the claimant for burns, and the oral testimony of the claimant himself constituted the sum total of the evidence produced.

The examiner found that claimant met with personal injury on October 17, 1963, resulting in anxiety reactions, fears and nervousness which "would remove him from his occupation as a steam fitter" and entered an award for 1.14 compensable weeks of temporary total disability and 40% permanent partial general disability for a total compensable sum of $17,430.10. In addition, the examiner directed the respondents to pay a bill due Dr. Modlin, the claimant's psychiatrist, and to furnish claimant future medical expense of not to exceed $6,000.00 less the medical already paid or ordered paid.

A request for a review of this award was filed by the respondents within the statutory time. On review, the workmen's compensation director made the following findings and order:

"That claimant is suffering no permanent, partial disability in the physical sense; that there is expert testimony by two qualified psychiatrists—one indicating the claimant is disabled because of a traumatic psychosis or neurosis and the other expressing the opinion that the claimant has no physical or mental disability and can return to his regular work; that because of this wide divergence of opinion the claimant should be reexamined by a neutral psychiatrist whose report and/or deposition should be made part of the record and considered by the examiner in reaching a decision herein after this matter has been remanded to him.

"IT IS THEREFORE ORDERED, DECREED AND ADJUDGED THAT the award entered herein by Examiner Hugh D. Mauch on October 4, 1966, be and the same is hereby reversed, set aside and held for naught and this matter is remanded to the examiner for further consideration in accordance with the findings hereinabove set out. The examiner is directed to appoint a neutral psychiatrist to examine the claimant and submit his report and/or deposition, following which the matter will be reconsidered by the examiner and an award made based upon all the evidence in the record."

From the director's order the claimant perfected an appeal to the district court which, upon hearing, found that the director had no authority under the Workmen's Compensation Act to remand the matter to the examiner for appointment of a neutral physician absent a request from a party; that the director's action was tantamount to an award for the respondents denying compensation to the claimant; that the court should treat the order of the director as one denying compensation; that the court had jurisdiction of the matter; that on the record, the claimant had failed to carry the burden of proof; that claimant was not disabled by reason of traumatic neurosis caused by accidental injury arising out of and in the course of his employment; and that an award should be entered denying compensation.

The trial court concluded with the following:

"It is therefore ordered and decreed that claimant be and is hereby denied any award for compensation for disability herein and that the fees and costs in this matter are taxed to respondent as set forth in the findings."

As we have previously stated, the present appeal stems from the district court's order, the pertinent parts of which we have noted above.

We deem it unnecessary to list here the several questions raised by claimant and included in his statement of points. We will refer to such of them as may be required, as we proceed with our consideration and discussion of what we judge to be the material issues in this appeal.

It is strongly urged by the appellant, Garrigues, that the director was clothed with authority to direct the examiner to appoint a neutral physician, and then consider his report, even though no request for such employment had been made by either party. We do not agree.

K. S. A. 44-516 contains the only statutory reference to the employment of neutral physicians. It reads:

"In case of a dispute as to the injury the director as hereinafter provided shall upon request of either party employ one or more neutral physicians or surgeons not exceeding three in number who shall be of good standing and ability, whose duty it shall be to make such examinations of the injured persons as the director may direct."

While this statute, in our judgment, makes employment of a neutral physician mandatory upon the request of either party, it does not, by any means, constitute authority for such appointment without a request being made therefor. Indeed, the absence of any provision in this statute for the selection of a neutral physician by the director on his own initiative might better indicate that such authority was not intended. This reasoning is buttressed by the fact that twice this statute has been amended, once in 1927 and again in 1957 (see L. 1927, ch. 232, § 16 and L. 1957, ch. 293, § 3) and in neither instance did the legislature see fit to include a provision for the selection of a neutral doctor on the director's own motion. We might also note in passing, although it is not of controlling importance, that the administrative rules adopted by the director contain no provision for the employment of a neutral physician in the absence of a request.

Be that as it may, this court has held with remarkable consistency that the Workmen's Compensation Act provides a procedure of its own which is substantial, complete and exclusive in compensation cases, borrowing neither from the civil code or other statutes. (*Souden v. Rine Drilling Co.*, 150 Kan. 239, 92 P. 2d 74; *Employers' Liability Assurance Corp. v. Matlock*, 151 Kan. 293, 98 P. 2d 456; *Anchor Casualty Co. v. Wise*, 172 Kan. 539, 241 P. 2d 484; *Burns v. Topeka Fence Erectors*, 174 Kan. 136, 254 P. 2d 285; *Magers v. Martin Marietta Corporation*, 193 Kan. 137, 392 P. 2d 148; *Russell v. Lamoreaux Homes, Inc.*, 198 Kan. 447, 424 P. 2d 561; *Walker v. Davis Van & Storage Co.*, 198 Kan. 452, 424 P. 2d 473.) We are not now at liberty to read into that act additional provisions of the character here being discussed.

Our decision in *Davis v. Joe Ward Construction Co.*, 197 Kan. 589, 419 P. 2d 918, has been cited by the claimant in support of the director's action. We deem that decision inapposite. It is true that in Davis the director, after claimant had filed a motion to reopen the case for further evidence, found the record unclear as to the claimant's then physical condition, and thereupon set the award aside and remanded the proceedings to the examiner for the appointment of a neutral physician.

But no objection was offered to the director's order at the time it was made and counsel for both parties actively participated in the examination and cross-examination of the neutral physician at the taking of his deposition. Under these circumstances this court held that the respondents could not question the regularity of such procedure for the first time on appellate review in district court. The situation obtaining in the Davis case is not analogous to that which is presented here, nor is the present case controlled by our opinion in that case.

The claimant would have us infer that the respondents requested appointment of a neutral specialist. The record sustains no such inference. The only occasion on which the subject came up was at the first hearing before the examiner after Garrigues stipulated that he claimed no disability except traumatic neurosis. Respondents' counsel then observed that "maybe" they would ask for a neutral specialist, and "anticipated" they would ask for one. However, it is clear that no such request was ever made.

We conclude that the director had no authority to appoint a neutral psychiatrist to examine claimant in the absence of a request therefor by one of the parties; that no request was made by either of the parties interested in this case; and that there was no acquiescence in the director's action by any litigant.

However, we do not agree with the trial court's conclusion that the director's action in vacating the award and remanding the proceeding for appointment of a neutral psychiarist whose report should be considered in making a new award was tantamount to a denial of compensation. The legal effect of the director's action, as we view it, was to leave his review of the award hanging in midair, unresolved, without final approval or disapproval.

The statute which governs the director's review of an award is K. S. A. 44-551 which reads, in pertinent part:

". . . all acts, findings, awards, decisions, rulings or modifications of findings or awards made by such examiner, shall be subject to review and ap-

proval by the director upon written request of any interested party within ten (10) days and if no such request is made, then the director shall approve such actions, findings, awards, decisions, rulings or modifications of findings or awards of the examiner . . ."

We have had occasion to consider these provisions in connection with appeals to district court. In *Harper v. Coffey Grain Co.*, 192 Kan. 462, 388 P. 2d 607, we held:

". . . an award of the examiner in a workmen's compensation case does not become the final award of the director until the expiration of ten days after it is filed, or until a request for review, filed within the ten-day period by an interested party, *is determined by the director*." (Syl. ¶ 3.) (Emphasis supplied.)

The Harper case was followed in *Bammes v. Viking Manufacturing Co.*, 192 Kan. 616, 389 P. 2d 828, where this court employed the following language:

". . . After the findings and award are approved by the director an appeal may be taken, even though there has been no request for review, but if a request for review is made within the ten day period *there is no final award from which an appeal can be taken until the director has completed the review proceedings*. . . ." (pp. 618-619.) (Emphasis supplied.)

In each of the two foregoing cases, we held that the attempted appeal to district court was premature, having been taken before the director had approved the award.

It is our opinion that in the instant case the director made no final determination upon review; that he did not complete his review to the point of final approval or disapproval of the examiner's award. Although the director set the award aside, it is perfectly obvious that he did so only because he felt the case should be reopened for the consideration of additional evidence to be provided by a neutral physician. This is not tantamount to final disapproval; it does not constitute an award in favor of either the claimant or the respondents.

Whether the director is empowered to reopen a case for any purpose before completing the review proceedings need not be determined here, for his remand in this case for the appointment of a neutral psychiatrist who should file a report exceeded the bounds of his authority. While the director may, of course, disapprove an award made in favor of a claimant, and enter an award for the respondents, his action in such respect must be unequivocal.

In our judgment the appeal taken to district court was premature. Hence, under the authority of the Harper and Bammes decisions this case must be reversed with directions to the district court to dismiss the appeal and remand the case to the workmen's compensation director for completion of his review in accordance with law.

It is so ordered.