No. 46,744

BEVERLY ANDREWS JENKINS, *Appellee*, v. THE NEWMAN MEMORIAL COUNTY HOSPITAL, A Corporation, *Appellant*.

(510 P. 2d 132)

Opinion filed May 12, 1973.

*John G. Atherton*, of Mellinger, Atherton & Hurt, of Emporia, was on the brief for the appellant.

*David L. Ryan*, of Topeka, argued the cause, and *Vern Miller*, attorney general, and *Dennis W. Moore*, assistant attorney general, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The present appeal stems from a complaint of discrimination filed with the Kansas Commission on Civil Rights (the commission) under K. S. A. 1972 Supp. 44-1005. Beverly Andrews Jenkins (the complainant) was a student nurse in a school of nursing being operated by The Newman Memorial County

Hospital (the hospital) at Emporia, Kansas. She was terminated for academic reasons. The complainant charged she was denied readmission to the school by reason of her race. The matter was heard by the commission, discrimination was found and on March 20, 1971, the commission directed the hospital to readmit complainant as a student nurse. The hospital, without requesting a rehearing before the commission, as provided in K. S. A. 44-1010, filed an appeal in the District Court of Lyon County for judicial review under the provisions of K. S. A. 1972 Supp. 44-1011. The complainant and the commission joined in a motion to dismiss the appeal filed in the district court on the ground the court lacked jurisdiction over the subject matter because the hospital had failed to exhaust its administrative remedies by neglecting to file a motion for rehearing. The appeal was dismissed by the district court and the present appeal followed.

The rehearing provision of K. S. A. 44-1010 relating to procedures before the Kansas Commission on Civil Rights states:

". . . No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall make application for a rehearing as herein provided. . . ."

It is readily apparent from the wording that the rehearing provision was not meant to be a mere permissive procedure. The judicial review sought by the hospital in the district court was under K. S. A. 1972 Supp. 44-1011 which in part provides:

"The [district] court shall hear the appeal by trial *de novo* with or without a jury in accordance with the provisions of K. S. A. 60-238, and the court may, in its discretion, permit any party or the commission to submit additional evidence on any issue. Said appeal shall be heard and determined by the court as expeditiously as possible. . . ."

The hospital contends on appeal to this court that the rehearing provision in K. S. A. 44-1010 is unconstitutional insofar as it attempts to impose a limitation on judicial review. This contention is apparently based upon the separation of powers doctrine under which doctrine the legislature may not encroach upon judicial functions, and by the same doctrine judicial review over administrative functions is limited. The hospital further argues that the protection of individual rights from unlawful discrimination has been historically a function of the courts and is not subject to procedural restrictions by the legislature. We do not agree for such rehearing requirements have been generally upheld.

In the area of judicial review of administrative hearings the

rehearing requirement of 44-1010, *supra*, is neither unique nor novel in Kansas. It is virtually identical to the procedural requirement which must be followed in hearings before other state agencies such as the state corporation commission (See K. S. A. 66-118b). In *Graves Truck Line v. State Corporation Commission*, 195 Kan. 82, 402 P. 2d 757, this court said:

"An application for a rehearing is a prerequisite to a petition for review under the provisions of K. S. A. 66-118b, . . .

. . . . . . . . . . . . . .

"The purpose of an application for rehearing is to permit the Commission to correct errors which are called to its attention and thus avoid a judicial review and determination. . . ." (p. 85)

To the same effect, concerning K. S. A. 55-606, see *Colorado Interstate Gas Co. v. State Corporation Comm.*, 192 Kan. 1, 386 P. 2d 266, appeal dimissed 379 U. S. 131, 13 L. Ed. 2d 333, 85 S. Ct. 272, where the court held in Syl. ¶ 1:

"A district court has no jurisdiction to review an order of the State Corporation Commission issued under the provisions of the Gas Conservation Statute, G. S. 1949, 55-701 *et seq.*, in the absence of a timely petition for rehearing as required by G. S. 1949, 55-606."

At page 11 of the opinion, the court said:

". . . The statute makes the filing of a timely petition for rehearing a prerequisite to the filing of a petition for judicial review.

"The court had no authority to review the orders of the Commission except in the manner and to the extent the statute gave it such authority. (*City of McPherson v. State Corporation Commission*, 174 Kan. 407, 414, 257 P. 2d 123.)

"In *Continental Investment Corp. v. State Corporation Comm.*, 156 Kan. 858, 137 P. 2d 166 it is stated:

" '. . . When a person has a grievance against an order or ruling of an official board, he must seek redress in conformity with the procedure prescribed by the pertinent statute. In this case, that procedure is laid down in G. S. 1941 Supp., 55-605, 55-606 . . .' (p. 868.)

"In *United States v. Tucker Truck Lines*, 344 U. S. 33, 36, 37, 97 L. Ed. 54, 73 S. CT. 67, the court stated the rule as follows:

" 'We have recognized in more than a few decisions, and Congress has recognized in more than a few statutes, that orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts. . . .' (See also *F. P. C. v. Colorado Interstate Gas Co.*, 348 U. S. 492, 99 L. Ed. 583, 75 S. Ct. 467.)"

Where an application for rehearing is required as a prerequisite to appeal and is not merely permissive the requirement is upheld as a condition precedent to an appeal. (2 Am. Jur. 2d, Adminis-

trative Law, § 609, p. 448.) The rehearing requirement is no more than an effort to assure procedural order and efficiency in the relations between courts and administrative agencies. As such the requirement that a rehearing be sought does not deprive any aggrieved party of the opportunity for an appeal to the district court and, thus, cannot be said to contravene the doctrine of separation of powers. The legislature has full authority to establish procedural prerequisites to the exercise of jurisdiction by the district courts. *Thompson v. Amis,* 208 Kan. 658, 661, 493 P. 2d 1259, cert. den. 409 U. S. 847, 34 L. Ed. 2d 88, 93 S. Ct. 53, and cases cited therein.

It is clear the rehearing requirement is provided as a proper administrative law procedure in order to assure exhaustion of administrative remedies. The doctrine of exhaustion of administrative remedies is directed toward promoting proper relationships between the courts and administrative agencies charged with particular administrative and regulatory duties. It promotes orderly procedure and requires a party to exhaust the administrative sifting process with respect to matters peculiarly within the competence of the agency. It requires avoidance of interference with functions of the administrative agency by withholding judicial action until the administrative process has run its full course. The failure to exhaust administrative remedies has often been emphasized as a ground for denying judicial review. It rests on sound consideration of comity and convenience, fully recognizing the separation of powers doctrine as set forth in our case law. (*Colorado Interstate Gas Co. v. State Corporation Comm.,* supra; *Graves Truck Line v. State Corporation Commission,* supra; *Strader v. Kansas Public Employees Retirement System,* 206 Kan. 392, 479 P. 2d 860, cert. den. 403 U. S. 914, 29 L. Ed. 2d 692, 91 S. Ct. 2240.)

The doctrine of exhaustion of administrative remedies dictates that a remedy before an administrative agency provided by law must be sought and completed before courts will act. The doctrine is well established, is a cardinal principle of almost universal application, and must be borne in mind by the courts in construing a statute providing for review of administrative action. (2 Am. Jur. 2d, Administrative Law, § 595, p. 426; Davis, Administrative Law Treatise, Ch. 20; Jaffe, Judicial Control of Administrative Action, Ch. 11.)

Much of appellant's argument is based upon statements in *Gawith v. Gage's Plumbing & Heating Co., Inc.,* 206 Kan. 169, 476 P. 2d 966, concerning the nature of the function of the workmen's com-

pensation director. The court's determination in *Gawith* was primarily a scope of review determination. Although the scope of review authorized in workmen's compensation cases may be more extensive than that provided for other agencies our cases recognize and require the exhaustion of administrative remedies in workmen's compensation cases before resort to the courts may be had. (See *Harper v. Coffey Grain Co.,* 192 Kan. 462, 388 P. 2d 607; *Bammes v. Viking Manufacturing Co.,* 192 Kan. 616, 389 P. 2d 828; *Garrigues v. Fluor Corporation, Ltd.,* 201 Kan. 156, 439 P. 2d 111.)

The next contention of the appellant hospital is that K. S. A. 44-1010 (the rehearing requirement) is repugnant to K. S. A. 1972 Supp. 44-1011 (the judicial review provision). Appellant points out 44-1010 was enacted by the legislature in 1961 while 44-1011 was amended in 1963, in 1965, in 1967 and again in 1970. The thrust of the argument is that the "trial *de novo*" provisions of 44-1011 were adopted in 1965 and they overruled the rehearing requirement of 1961 by implication.

Repeals by implication are not favored in the law and a former act will not be held to have been repealed by implication unless a later enactment is so repugnant to the provisions of the first act that both cannot be given force and effect. (*City of Overland Park v. Nikias,* 209 Kan. 643, 646, 498 P. 2d 56.) The rehearing requirement provision has a functionally distinct and separate purpose from the scope of review provisions. The two provisions are not repugnant.

The hospital further contends the scope of review provisions in 44-1011 are so broad (trial *de novo* with a right to trial by jury) that the agency rehearing requirement in 44-1010 unlawfully impinges upon the judicial review authorized.

We are unable to see the logic of such contention. It is not in line with our established case law and no cases in point are cited by the hospital. The scope of judicial review of administrative orders provided for in a legislative act does not remove those limitations placed upon a reviewing court by the separation of powers doctrine. The legislature may not impose upon the judiciary the function of a trial *de novo* in the true legal sense when providing for the scope of review of actions of an administrative agency. The required limitations to which courts must adhere under the separation of powers will be discussed later.

The Kansas Commission on Civil Rights is an administrative agency or arm of the executive branch of our government created

by K. S. A. 1972 Supp. 44-1003. The first section of the act in part provides:

"This act shall be known as the Kansas act against discrimination. It shall be deemed an exercise of the police power of the state for the protection of the public welfare, safety, health and peace of the people of this state. The practice or policy of discrimination against individuals in employment relations, in relation to free and public accommodations or in housing by reason of race, religion, color, sex, national origin or ancestry is a matter of concern to the state, since such discrimination threatens not only the rights and privileges of the inhabitants of the state of Kansas but menaces the institutions and foundations of a free democratic state . . .

. . . . . . . . . . . . . . .

"To protect these rights, it is hereby declared to be the purpose of this act to establish and to provide a state commission having power to eliminate and prevent segregation and discrimination, or separation in employment, in all places of public accomodations covered by this act, and in housing because of race, religion, color, sex, national origin or ancestry, either by employers, labor organizations, employment agencies, realtors, financial institutions or other persons as hereinafter provided." (44-1001)

The Kansas Commission on Civil Rights is similar in nature to the administrative agencies considered in *Lira v. Billings*, 196 Kan. 726, 414 P. 2d 13; *Kansas State Board of Healing Arts v. Foote*, 200 Kan. 447, 436 P. 2d 828, 28 A. L. R. 3rd 472; *Lauber v. Firemen's Relief Association*, 202 Kan. 564, 451 P. 2d 488; *Rydd v. State Board of Health*, 202 Kan. 721, 451 P. 2d 239; *Neeley v. Board of Trustees, Policemen's & Firemen's Retirement System*, 205 Kan. 780, 473 P. 2d 72. In all of these cases this court has recognized the separation of powers limitation inherent in judicial review of an administrative determination regardless of the scope of review provided in the legislative enactments.

In *Lira* we examined the legislature's *"de novo"* scope of review provisions which authorize a jury trial on review of a revocation of a driver's license by the motor vehicle department of the state highway commission. (K. S. A. 8-259 [a].) This court said:

"Although we have no express provisions in our constitution concerning separation of powers, this court long ago recognized such doctrine to be inherent therein to the effect that the constitution created three branches of government, namely, executive, legislative and judicial, which are to be maintained distinctly separate in the exercise of their respective powers, and that none may lawfully exercise functions belonging to the others. . . ." (196 Kan. p. 729)

Later in the opinion it was pointed out:

". . . The statute calls for a trial *de novo* with a further provision

that the licensee has the right of trial by jury upon demand therefor. This statute has been interpreted by this court as meaning that the only issue before a district court on such an appeal is the reasonableness of the failure of the petitioner to submit to the chemical test. [Citation omitted]." (196 Kan. p. 730)

With the legislative scope of review thus limited and defined the doctrine of separation of powers was not impinged upon and the provisions of the act were upheld.

In *Foote* we examined what is sometimes referred to as the standard scope of review for administrative proceedings in a case involving the revocation of a license to practice the healing arts. The scope of review statute involved (K. S. A. 65-2848) did not contain the "*de novo*" or jury trial provisions. In delineating the guidelines on scope of review we said:

"A district court may not, on appeal, substitute its judgment for that of an administrative tribunal, but is restricted to considering whether, as a matter of law, (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority." (Syl. ¶ 1, 200 Kan. p. 447)

We further pointed out:

"The business of licensing being an administrative or legislative function, as distinguished from judicial, any other interpretation of K. S. A. 65-2848 casting a wider scope of review upon a district court would render that statute unconstitutional as a violation of the separation of powers doctrine and we decline to so interpret the appeal statute." (200 Kan. p. 450)

In *Rydd* we examined the "*de novo*" scope of review of administrative proceedings before the state board of health under K. S. A. 65-504. We there stated:

"Appellant argues appellee had her requisite due process when she presented her side of the matter to the district court. This argument does not take into account the limited authority the district court has upon appeal, particularly the constitutional limitation imposed by the separation of powers doctrine upon the judiciary in review of actions of administrative agencies, to which doctrine this court has always been committed." (202 Kan. p. 728.)

We further said:

"It is true the appeal statute here (65-504) provides for trial *de novo*; however, as in *Foote*, the statute is to be construed in the light of the constitutional inhibition prescribed by the separation of powers doctrine. This means the legislature may not impose upon the judiciary the function of a trial *de novo* of action of an administrative agency in the sense of authorizing the court to substitute its judgment for that of the administrative agency in in matters other than law or essentially judicial matters." (202 Kan. p. 729)

In *Lauber* we examined the standard scope of review for administrative proceedings authorized by our civil code under K. S. A. 60-2101 (*a*) which provision comes into play in the absence of special provisions in the act creating the particular administrative agency. It was pointed out:

"The provisions of K. S. A. 60-2101 (*a*) do not authorize the district court to consider an appeal from an administrative agency or tribunal in a trial *de novo*, nor do they enlarge the jurisdiction of the district court to review administrative matters beyond limitations heretofore imposed by the law of this state." (202 Kan. p. 573)

It was held:

"Accordingly, we hold the Firemen's Relief Association of Salina to be a public body corporate administering public funds pursuant to legislative mandate, and its decisions are administrative in nature. Its decisions are subject to limited review just as the decisions of other administrative tribunals. [Citations omitted.]" (202 Kan. p. 576)

In *Neeley* we again examined the scope of review on an agency determination of individual rights and reaffirmed what had been said in *Rydd* and *Lauber*. We pointed out:

". . . If the courts were allowed to hear such matters *de novo* and substitute their judgment for that of the administrative agency or tribunal they would be usurping the power delegated by the legislature to the administrative department . . ." (205 Kan. p. 783)

An examination of these cases clearly indicates the functions of the Kansas Civil Rights Commission are within the same general administrative agency category as the other agencies mentioned. The scope of judicial review provisions of K. S. A. 1972 Supp. 44-1011 will not be construed to impose upon the judiciary the function of a trial *de novo* in the true legal sense in reviewing orders of an administrative agency. (*Rydd v. State Board of Health*, supra.) The legislature may not impose such power or duty upon the judiciary by reason of the separation of powers doctrine inherent in the Constitution of the State of Kansas. If we were called upon to determine the scope of judicial review on appeals from orders of the Kansas Commission on Civil Rights it would be no broader than that set forth in *Foote*. With such limitations imposed we conclude there is no constitutional infirmity in the scope of review provisions of K. S. A. 1972 Supp. 44-1011.

The rehearing requirement of K. S. A. 44-1010, relating to procedure before the Kansas Commission on Civil Rights, is a reasonable procedural requirement in exhausting administrative remedies

before that commission and it is not repugnant to the scope of judicial review provisions set forth in K. S. A. 1972 Supp. 44-1011.

The judgment of the district court dismissing the appeal is affirmed.