No. 47,693

Agnes Ruth (Kearse) Badger, *Appellee*, v. Goodyear Tire and Rubber Company, *Appellant*.

(546 P. 2d 214)

Opinion filed December 1, 1975.

*William G. Haynes*, of Eidson, Lewis, Porter and Haynes, of Topeka, argued the cause and was on the brief for the appellant.

*Ernest J. Young*, assistant attorney general, argued the cause, and *Curt T. Schneider*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: This is an appeal by an employer from a district court judgment upholding an order of the Kansas commission on civil rights finding the employer guilty of discrimination against an employee because of her race and directing her reinstatement and payment of compensatory damages. Discrimination allegedly occurred during two separate periods of appellant Goodyear Tire and Rubber Company's employment of the complainant, appellee Agnes Ruth (Kearse) Badger.

The trial court entered its judgment on May 29, 1974, upholding the commission's actions. In doing so it applied the "standard" rules governing the scope of judicial review of an order of an administrative agency and more particularly those set out in *Jenkins v. Newman Memorial County Hospital*, 212 Kan. 92, 510 P. 2d 132, a civil rights proceeding decided May 12, 1973. In *Jenkins* we said by way of dicta that if called upon to construe the statute providing for an appeal to the district court from an order made by the civil rights commission (K. S. A. 44-1011) we would hold that judicial review would be limited to determining whether, as a matter of law, (1) the commission acted fraudulently, arbitrarily or capriciously; (2) its order is supported by substantial evidence, and (3) the order is within the scope of its authority.

We have now receded from this interpretation of 44-1011. In *Stephens v. Unified School District,* 218 Kan. 220, 546 P. 2d 197, we specifically disapproved the foregoing scope of judicial review stated in *Jenkins* and in lieu held:

> On appeal from a decision of the commission on civil rights the district court is to try the matter *de novo,* with the issues of both law and fact to be determined anew. The issues in such a trial, however, are limited to those fairly embraced within the appealing party's application for rehearing before the commission." ( Syl. ¶ 7.)

It follows that the judgment appealed from here must be reversed and the cause remanded for trial *de novo* in accordance with the rules stated in *Stephens.* It is so ordered.

APPROVED BY THE COURT.

MILLER, J., not participating.

FROMME, J., dissenting. I respectfully dissent for the reasons set forth in my dissenting opinion in *Stephens v. Unified School District,* 218 Kan. 220, 546 P. 2d 197.