[Civ. No. 2057. Third Appellate District.—October 28, 1919.]

## W. S. ARMSTRONG, Respondent, v. SACRAMENTO VALLEY REALTY CO. et al., Petitioners.

[1] SUPERSEDEAS—APPLICATION FOR WRIT—PROPER FORUM.—An application by the defendants for a writ of *supersedeas* to prevent the plaintiff from taking any proceeding in execution of a certain judgment rendered in favor of the plaintiff and against the defendants, but from which the latter have taken an appeal, should be made to the court wherein the appeal is pending.

APPLICATION for a Writ of Supersedeas to prevent the taking of any proceeding in execution of a judgment. Dismissed.

The facts are stated in the opinion of the court.

Claude Purkitt and W. T. Belieu for Petitioners.

George R. Freeman for Respondent.

THE COURT.—This is an application for a writ of *supersedeas* to prevent plaintiff from taking any proceeding in the superior court of Glenn County in execution of a certain judgment rendered therein in favor of plaintiff and against the defendants.

The record shows that on the fourteenth day of July, 1919, a certain paper in said action, signed by the judge, was filed;

the defendants presuming it to be a final judgment in the case, took an appeal therefrom to the supreme court of the state, and filed a bond in an amount sufficient to stay proceedings; thereafter, on the twenty-second day of September, 1919, the judge who tried said case signed and filed another paper purporting to be a final judgment in said action; from this action the defendants have also appealed and given a bond in the sum of three hundred dollars, but no bond to stay execution.

The petitioners for the writ herein allege that the plaintiff is threatening to, and will, unless restrained, proceed by execution to enforce the alleged judgment filed on September 22, 1919; they also allege that the first judgment filed in said action was a final judgment and that the second document was a nullity, that the only judgment in the case that has any validity is the first document filed in said action, and that plaintiff should not be permitted to enforce said purported final judgment filed in said action on the ground that the same is a nullity.

[1] We are of the opinion that the petitioner's application for a writ should be made to the court wherein such appeal is pending and not to this court. For this reason, we deem it unnecessary to discuss the merits of the application or determine the effect of the paper filed on September 22, 1919, as being a judgment in the case.

In the case of *Southern Pacific Co.* v. *Superior Court,* 167 Cal. 252, [139 Pac. 70], the supreme court said: "The power to issue a writ of *supersedeas* is one of the powers incidental to a court of last resort. It exists in cases where the writ is necessary to preserve the *status quo* so that the rights involved in an appeal, when determined by the appellate court, may not be lost or prejudiced by reason of the intervening execution of the judgment or order appealed from, in cases where the statute regulating a stay of proceedings on appeal makes no provisions for such stay in the particular case. (Quoting cases.) Such writ may also be issued when it is necessary to stay or vacate proceedings below taken or attempted in defiance of a stay secured under the statute. (Quoting cases.) Under the practice in this state, in the rare cases where such a writ is issuable, it must be obtained, where cause exists and under proper terms, by a motion or

application to the court in which the appeal is pending.  (*Mc-Aneny* v. *Superior Court,* 150 Cal. 6, [87 Pac. 1020].)''

The proper forum in which petitioners should make their application for the writ is the court in which the appeals are pending, namely, the supreme court of the state of California.

For these reasons, the application for a writ of *supersedeas* is dismissed.