No. 33,597

ANNA COOPER, *Appellee*, v. KANSAS CITY PUBLIC SERVICE COMPANY, *Appellant*.

(73 P. 2d 1092)

Opinion filed December 11, 1937.

*Edwin S. McAnany, Thomas M. Van Cleave, Willard L. Phillips, Bernard W. Alden,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellant.

*Blake A. Williamson, James K. Cubbison* and *Lee Vaughan, Jr.,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action for damages for injuries received when the automobile in which the plaintiff was riding collided with a motor bus of the defendant. Judgment was for the plaintiff, and defendant appeals.

The collision occurred at the intersection of Seventh street and Tenny avenue in the city of Kansas City. Seventh street is a wide, arterial highway, extending north and south across the entire city. Armourdale, where plaintiff lives, is a district lying south of the main part of the city; Minnesota avenue is the popular designation of the business section of the city, and lies about fifteen blocks north of Armourdale. Seventh street extends through both Armourdale and Minnesota avenues, and is the main connecting street between these sections of the city. About seven blocks south of Minnesota avenue, Seventh street is intersected by Tenny avenue. At the northwest corner of this intersection there is a regular bus stop where the motor bus vehicles of the defendant company stop to let off and take on passengers. Beginning about a block north of Tenny avenue, Seventh street rises toward the south on a rather sharp grade. The evidence showed that Seventh street is about fifty feet wide.

On May 26, 1936, the plaintiff was riding in the front seat of a Packard sedan with Anna Church, who was driving the car. The car was being driven south on Seventh street at a speed of fifteen to twenty miles per hour. As the car in which the women were riding approached Tenny avenue, it was following a motor bus of the defendant.

It was alleged in the petition and stated by the plaintiff and by Mrs. Church that the bus stopped at the northwest corner of the intersection to take on passengers. The driver of the bus, and a boy standing at or near the bus stop, stated that the motor bus pulled

over near the bus stop, but without stopping pulled south into the intersection of Tenny avenue and then stopped. There was testimony that the bus came to an abrupt and sudden stop. The driver of the bus said that he slowed up near the bus stop, and seeing no passengers he pulled on south into the intersection, and that in response to a signal from the boy, he put on the brakes and came to a gradual, but not a sudden stop. After the bus stopped the Packard car in which the plaintiff was riding collided with the rear of the bus, causing the injuries complained of in this action. There is a sharp conflict in the testimony as to the time which elapsed between the time the bus stopped and the collision. The boy Ulmer stated that as the bus started to pass he waved to the driver, who pulled to the curb on the other side of the street. The witness started to run across Tenny avenue to get on, but before he boarded the bus he heard the crash of the collision.

There was conflicting testimony as to the location of the bus with reference to the center of Seventh street at the time of the collision. Plaintiff stated it was in the center of Seventh street—the driver said he was near the west curb. The jury, in answer to a special question, stated it was "approximately six feet" east of the west curb.

The record seems clear that the driver of the motor bus did not give any signal by hand as to his intention to stop. It is also beyond dispute that the rear stop signal on the bus was in working order.

The negligence charged was in stopping the bus in the middle of the intersection without regard to the right and safety of the plaintiff and without due caution and first seeing that such movement could be made in safety; also, in failing to give a signal or notifying the plaintiff and the driver of the car in which plaintiff was riding of said intended stop.

In order to succeed, the plaintiff must establish that the defendant was negligent and that its negligence caused the collision of which she complains. If it is established that the plaintiff could have avoided the collision by the exercise of reasonable care, then plaintiff's cause of action must fail because her injury was due to her own negligence in failing to take reasonable care.

The jury, in answer to a special question as to the acts of negligence of the operator of the motor bus, stated: "Too far out in Seventh street when coming to stop. Don't believe he should have stopped after turning in at designated stop."

Defendant invokes the rule that where the jury specifies negligence in the findings, all other negligence is excluded as a basis for a verdict. (*Bass v. St. Louis-S. F. Railway Co.*, 143 Kan. 740, 57 P. 2d 467; *Roberts v. Railway Co.*, 98 Kan. 705, 144 Pac. 999; *Adams v. Railway Co.*, 93 Kan. 475, 161 Pac. 590; *Morlan v. Atchison, T. & S. F. Rly. Co.*, 118 Kan. 713, 236 Pac. 821.)

As stated, the negligence charged against the defendant was in stopping the bus in the middle of the intersection without regard to the right and safety of the plaintiff and without due caution. The finding of the jury was that the bus was too far out in Seventh street when coming to a stop. This finding certainly is in accordance with the charge in the petition. It is insisted, however, that the answer of the jury that the bus stopped approximately six feet east of the west curb of Seventh street is so inconsistent with the finding that the bus stopped too far out in Seventh street, that the specific finding must control. It is admitted the bus was eight feet wide, and as the right wheels were six feet from the curb, the left side of the bus was at least fourteen feet from the west curb of Seventh street. The rule is that where a question of inconsistency arises between findings made in answers to special questions and a general verdict, nothing will be presumed in aid of special findings while every reasonable presumption will be indulged in favor of the general verdict. (*Morrow v. Bonebrake*, 84 Kan. 724, 115 Pac. 585.) Upon a careful study of the answers made by the jury to the special questions we are unable to say that they are inconsistent with each other or with the general verdict. The general rule often announced by this court is that special findings should not control the general verdict, unless the inconsistency between the two compels such result. (*Tarin v. Railway Co.*, 98 Kan. 605, 185 Pac. 874.) Where it is possible to harmonize the special findings with the general verdict, the general verdict must stand. (*Wilson v. Fowler Packing Co.*, 123 Kan. 470, 255 Pac. 1109.)

Upon a review of the record there was ample testimony to support the verdict in favor of the plaintiff, and as we find no serious inconsistency between the special findings and general verdict, we are obliged to uphold the verdict. There was therefore no error in the action of the trial court in overruling defendant's demurrer to the evidence and the motion for a directed verdict.

The notice of appeal in this case failed to state that the appeal was "to the supreme court." It is agreed that the notice is in all

other respects sufficient and regular. Does the failure of the notice to include the words "to the supreme court" compel dismissal of the appeal?

Article 3, section 6, of the constitution of Kansas provides that the district courts shall have such jurisdiction in their respective districts as may be provided by law. Our statute, G. S. 1935, 20-101, recites that in addition to the original jurisdiction conferred by the constitution, the supreme court shall have jurisdiction in all cases of appeal from the district courts in such manner as may be provided by law. G. S. 1935, 20-301, provides that the district courts shall be courts of general original jurisdiction. The appellate jurisdiction of the supreme court is set out in G. S. 1935, 60-3302, which provides, in substance, that the supreme court has jurisdiction to reverse, vacate or modify any order of the district court which finally determines an action or some part thereof. G. S. 1935, 60-3306, states that appeals from the district court to the supreme court are taken by notice filed with the clerk of the trial court.

Since it is not claimed that the appellee was in any way prejudiced or misled by the omission, and since under the law the appeal could only be made to this court, the motion to dismiss the appeal because of the failure to incorporate the words "to the supreme court" in the notice of appeal must be denied. (*Russell v. State Highway Comm.*, ante, p. 634, 73 P. 2d 29.)

Finding no error in the record, the judgment must be and it is hereby affirmed.