No. 44,810

WILLIAM A. RUSSELL, *Appellant,* v. LAMOREAUX HOMES, INC., and HAWKEYE SECURITY INSURANCE COMPANY, *Appellees.*

(424 P. 2d 561)

Opinion filed March 4, 1967.

*Reginald LaBunker,* of Topeka, argued the cause, and *George E. Mc-Cullough, W. L. Parker, Jr., Robert B. Wareheim,* and *James L. Rose,* all of Topeka, were with him on the brief for the appellant.

*Charles L. Davis, Jr.,* of Topeka, argued the cause, and *Byron M. Gray* and *Robert D. Hecht,* both of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

FONTRON, J.: This appeal arises out of proceedings brought under the Workmen's Compensation Act. The facts are neither controverted nor complicated.

The claimant, William A. Russell, suffered an accident while employed by Lamoreaux Homes, Inc., in Marshall County. Claim for compensation was made and an award in favor of the claimant was entered by the examiner. The employer and its insurance

carrier (herein referred to as respondents) filed application for a review of the award by the Workmen's Compensation Director (hereafter called director). Upon hearing, the director affirmed the examiner's award.

Thereafter, and within the statutory time, the respondents filed with the director the following notice of appeal (omitting caption and signatures):

"You and each of you are hereby notified that the undersigned Respondent and Insurance Carrier intend to and do hereby appeal to the District Court of Shawnee County, Kansas, from the decision, finding, award and ruling of the Director made, entered, approved, and filed on the 1st day of March, 1966.

"Dated: March 17, 1966."

Upon receiving this notice, the director transmitted a certified copy thereof, together with certified copies of the transcript of the evidence and proceedings before him, to the Clerk of the District Court of Shawnee County, Kansas.

Shortly thereafter, the claimant filed a motion to dismiss the appeal on the ground that the Shawnee District Court was without jurisdiction to hear it. The respondents then came forward with a motion on their part to remand the cause to the director so that he might certify the appeal to the correct court, i. e., the district court of Marshall County.

After a hearing, at which both motions were presented, the district court of Shawnee County found that the record had inadvertently been transmitted to it instead of to the district court of Marshall County. Accordingly, the matter was remanded to the director for transmittal and certification of the record to the correct court. The claimant has appealed from this order.

Although the claimant divides his argument into three points, the question raised on appeal is simply this: Did the district court of Shawnee County possess authority to remand the appeal of this case to the director for transmittal to the proper appellate forum?

The answer to this question lies within the provisions of the Workmen's Compensation Act (which we shall hereafter call the Act), for we have frequently held the Act is complete within itself and provides its own procedures. (*Anchor Casualty Co. v. Wise*, 172 Kan. 539, 241 P. 2d 484; *Teague v. George*, 188 Kan. 809, 365 P. 2d 1087; *Magers v. Martin Marietta Corporation*, 193 Kan. 137, 392 P. 2d 148.)

K. S. A. 44-556 governs appellate procedures under the Act. So far as material to the question at hand, this statute provides that any

party to the proceedings may appeal from the decisions, findings, awards or rulings of the director to the *district court of the county where the cause of action arose;* that the appeal shall be taken and perfected *by the filing of a written notice of appeal* with the director; and that the director shall immediately after the filing of such notice, transmit a certified copy of the notice to the clerk of the *said district court* who shall docket the cause for hearing.

The statutory plan seems plain: appeal is to the district court of the county where the accident occurred; the appeal is perfected by filing a written notice of appeal; and the director is to transmit a copy of the notice of appeal to the district court where the accident happened. A transcript of the proceedings before the director must also be furnished to the district court of the county where the cause of action arose.

In the instant case, the written notice of appeal was timely filed, but the director transmitted the appeal papers to the wrong court. Does this error on the director's part require dismissal of the appeal and divest the respondents of their appellate rights? We believe not.

It must be conceded that the appeal was not properly before the district court of Shawnee County and could not be heard on its merits by that court. That was so because the workman was injured in Marshall County, not Shawnee. However, it does not necessarily follow that an appeal was not properly perfected. In *Scammahorn v. Gibraltar Savings & Loan Assn.,* 197 Kan. 410, 416 P. 2d 771, we said:

". . . all that is required of a party perfecting an appeal to the district court is the filing of his written notice of appeal with the director within the time prescribed. . . ." (p. 413.)

The notice of appeal which the respondents filed in this case gives unmistakable notice that they were appealing from the director's decision and order of March 1, 1966. We believe the notice was in substantial compliance with statutory requirements.

We are fully aware that the notice recites, in part, ". . . do hereby appeal to the District Court of *Shawnee County, Kansas* . . ." (our italics.) The claimant argues that this language somehow vitiates the appeal and deprives the Shawnee County District Court of authority to return the appeal to the director for transmittal to the proper court.

This argument is not impressive. There is no requirement in

44-556, *supra,* that the notice designate the court to which an appeal is taken. The statute itself specifies the court to which a party may appeal; no action by an appellant can nullify the statute's plain command. The respondents in this case could not control the destination of their appeal. Accordingly, the phrase included in their notice of appeal, "to the District Court of Shawnee County, Kansas," was pure surplusage and, under familiar legal rules, may be disregarded as such. (See *Young v. Railway Co.,* 82 Kan. 332, 108 Pac. 99.) This court has held that obvious clerical errors in a notice of appeal, such as an incorrect date (*Nelson v. City of Osawatomie,* 148 Kan. 118, 79 P. 2d 857), or a failure to state the appeal was "to the supreme court" (*Cooper v. Kansas City Public Ser. Co.,* 146 Kan. 961, 73 P. 2d 1092), do not serve to vitiate an appeal.

The director himself is charged with the responsibility of transmitting an appeal to the appropriate court. That responsibility persists even though the notice of appeal contains an incorrect designation of the appellate tribunal. In our opinion, an appellant may not be deprived of his right to be heard on appeal where the director transmits the record to the wrong court.

A similar situation confronted the Missouri Supreme Court in *Graves v. O. F. Elliott, Inc.,* 355 Mo. 751, 197 S. W. 2d 977. There, under a statute comparable to 44-556, *supra,* the claimant had filed a notice of appeal "to the Circuit Court of Jasper County," and the transcript was certified to that court. The Jasper Circuit Court determined that it lacked jurisdiction and returned the case to the Workmen's Compensation Commission, which thereupon sent the record to the Circuit Court of Newton County. The latter court dismissed the appeal on the ground it was not taken in time. In reversing that action, the Supreme Court held the appeal had been properly perfected despite the erroneous designation of the appellate court. In the opinion, the court said:

". . . Since the statute does not say what shall be stated in the notice, surely any language that can reasonably be construed to show that appellant is in good faith attempting to appeal from the final award in the case ought to be held sufficient. . . .

"An appellant has no right to choose the court to which an appeal shall go because that is fixed by the statute. There is only one court to which any such appeal can go. Why is it not the duty of the Commission to determine that from the record and send the appeal there? Why should an error in the designation of the court be fatal when the statute does not require any designation of the court by the appellant? We think that the reasonable

construction of Sec. 3732 is that such designation cannot be held to be jurisdictional. . . . Therefore, the failure to designate the court would not make the notice void and likewise an incorrect designation may be disregarded. . . ." (p. 755.)

It is strenuously argued that the Shawnee County District Court had no jurisdiction to "remand" the case to the director; that it could only dismiss the appeal. This contention is effectively refuted by what was said in the *Graves* case. Further, the identical argument was advanced in *Harper v. Coffey Grain Co.*, 192 Kan. 462, 388 P. 2d 607, in answer to which this court said:

"The claimant argues the district court had no authority to remand the case to the director for further proceedings. It is contended where a Court does not have jurisdiction of the subject matter of the action, it can only dismiss the case for want of jurisdiction. (Citing cases.)

"On this appeal the claimant's objection is inconsequential. A determination by the district court that it has no jurisdiction of the appeal sends the case as a matter of course back to the director, and since we hold the director's action dismissing the review proceedings is a nullity, the review proceedings before the director remain pending for further action and determination." (p. 470.)

No matter how the present order was phrased, and we find no fault in its terminology, once the trial court, in this case, found that it lacked jurisdiction to hear the appeal, the cause necessarily would revert to the director, where it would face a valid notice of appeal. The director would then have the duty of transmitting the record to the Marshall County District Court which, alone, possessed jurisdiction to hear the appeal. In 100 C. J. S., Workmen's Compensation, § 677, p. 1029, it is said:

"A court is not deprived of jurisdiction over a case, brought before it after a change of venue, because it was originally brought in the wrong county. . . ."

We believe the Shawnee County District Court, in making its order, did no more than to carry out the statutory plan of appellate procedure and, in so doing, acted well within the limits of its authority.

The judgment is affirmed.