No. 45,096

GEORGE B. ELWOOD, *Appellee*, v. GENERAL MOTORS CORPORATION, *Appellant*.

(438 P. 2d 44)

Opinion filed March 9, 1968.

*Paul Scott Kelly, Jr.,* of Kansas City, Missouri, argued the cause, and *Tom Van Cleave, Jr.,* of Kansas City, was with him on the brief for the appellant.

*Samuel J. Wells,* of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: This is a workmen's compensation case.

The sole question presented is whether the notice of appeal to the district court—purportedly filed pursuant to K. S. A. 44-556—was legally sufficient to confer jurisdiction on that court.

Respondent employer appeals from an adverse decision.

The facts pertinent to the question are not in dispute.

On June 13, 1966, claimant employee sustained an accidental injury.

On January 11, 1967, the workmen's compensation examiner—on grounds not here material—entered an award denying compensation.

On the very next day—January 12, 1967—counsel for claimant

filed with the workmen's compensation director a notice of appeal to the district court from all adverse findings, rulings and awards of the examiner.

Neither the claimant nor respondent filed with the director an application for a review of the examiner's award as authorized by K. S. A. 44-551.

On January 23, 1967, the director entered an order approving the award of the examiner and a copy of such order was sent to all interested parties.

On January 27, 1967, counsel for claimant filed with the director a second notice of appeal as follows:

"NOTICE OF APPEAL

To General Motors Corporation, the above respondent:

Take notice that the above named claimant, George W. Elwood, does and has appealed to the Wyandotte County, Kansas District Court from all of the findings, rulings and awards adverse to the claimant in the award entered on January 11, 1967 by Simeon Webb, Examiner in the above entitled cause of action.

Dated at Kansas City, Kansas, January 27, 1967."

The two notices of appeal were identical except for the fact the first was dated January 12 and the second was dated January 27.

Except for it being a part of the complete picture of just what happened in this case—the first notice of appeal is not involved here and may be dismissed from consideration.

It is the second notice of appeal which is attacked by respondent as being legally insufficient to confer jurisdiction on the district court. That court held it to be valid, and, on the merits—reversed the order of the director and awarded compensation.

K. S. A. 44-556—relating to judicial review of workmen's compensation proceedings—provides that any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the *director to* the district court of the county where the cause of action arose upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the *director,* and that such appeal shall be taken and perfected by the filing of a written notice of appeal with the director within twenty days after the decision, finding, award or ruling appealed from shall have been made and filed by the *director.*

Narrowed down—the contention of respondent is that this notice

of appeal was from the findings, rulings and awards of the *examiner*—rather than from those of the *director* as the statute provides—and therefore was a nullity and the district court was without jurisdiction. In support of this contention respondent relies on statements found in *Harper v. Coffey Grain Co.*, 192 Kan. 462, 388 P. 2d 607 and *Bammes v. Viking Manufacturing Co.*, 192 Kan. 616, 389 2d 828, to the effect that an appeal to the district court does not lie from an award of the *examiner* and that it is only an appeal from the award of the *director* pursuant to K. S. A. 44-556 which confers jurisdiction on the district court.

For reasons hereafter stated—we believe that respondent's contention cannot be sustained and that the judgment of the district court must be upheld.

It is quite true that both of the above cases are authority for the rule that an appeal to the district court does not lie from the award of the *examiner*. But, what is said and held in a given case always must be construed in connection with the facts and questions in the case. In both of those cases applications for review of the examiner's award had been filed with the director (and were undisposed of) pursuant to K. S. A. 44-551, and it was correctly stated and held that attempted appeals from the examiner's award were nullities and conferred no jurisdiction on the district court.

K. S. A. 44-551 provides that all acts, findings, awards, decisions, ruling or modifications of findings or awards made by the examiner shall be subject to review and approval by the director upon written request of any interested party within ten days and that if no such request is made then the director shall approve such findings or awards of the examiner, and that the filing of such a request for review shall not be a prerequisite to an appeal as provided for in K. S. A. 44-556.

Here, no application for a review by the director of the examiner's award was filed by either party. Upon the expiration of the ten-day period, therefore, the director, on January 23, approved the examiner's award as a matter of course—which, under the statute—he was bound to do. The award of the examiner thus became the award of the director from which an appeal could be taken under K. S. A. 44-556.

It cannot be denied that the notice of appeal is, strictly speaking, incorrectly worded. It should have stated that the appeal was

from the order of the *director* of January 23—and counsel for claimant— admitting a "clerical error"—so concedes. On the other hand, there being only one "award" here—may it be said that respondent was in any way mislead? We think not. Under the facts of this case—and, given the liberal construction to which it is entitled (*Russell v. Lamoreaux Homes, Inc.,* 198 Kan. 447, 424 P. 2d 561)—the notice of appeal was, as a practical matter, from the order of the director, for the order of the examiner and that of the director were one and the same. Although its literal wording is not recommended as a "model" for future guidance to parties seeking to appeal from awards of the director—we believe there was a substantial compliance with the provisons of K. S. A. 44-556.

No question is raised as to the merits of the district court's award. The judgment is affirmed.

Price, C. J. dissenting: From the date of the examiner's award on January 11 the claimant consistently ignored statutory procedure and the law governing review and appeal in compensation cases. He now concedes—and correctly so—that his first notice of appeal was a nullity. But, to "compound the felony" and to add to the confusion—following the order of the director of January 23 he filed an identical (except for the date) notice of appeal to the district court from the award of the *examiner made on January 11.* It just seems to me than *any* party seeking to appeal to the district court should be required to comply with the plain language of the statute. The decision of the court in this case amounts to a judicial amendment of a perfectly clear and unambiguous statute under the guise of "liberal construction." As pertinent here—a district court has jurisdiction to hear only those cases which have been appealed from the orders of the *director.* I would reverse this judgment with directions to dismiss the action.

I therefore respectfully dissent.

Fontron and Kaul, JJ., join in the foregoing dissenting opinion.