**[This opinion has been published in *Ohio Official Reports* at 91 Ohio St.3d 1.]**

THE STATE OF OHIO, APPELLEE, *v.* FAWCETT, APPELLANT.

[Cite as *State v. Fawcett*, 2000-Ohio-195.]

*Appellate procedure—Courts of appeals have jurisdiction to review judgments entered by those inferior courts located within the territorial boundaries of their appellate districts.*

(No. 99-2074—Submitted November 14, 2000—Decided December 28, 2000.)

CERTIFIED by the Court of Appeals for Wood County, No. WD-99-062.

————————————

SYLLABUS OF THE COURT

Courts of appeals have jurisdiction to review judgments entered by those inferior courts located within the territorial boundaries of their appellate districts.

————————————

COOK, J.

{¶ 1} In 1999, the Fostoria Municipal Court, which is located in Seneca County, Ohio, convicted and sentenced defendant-appellant, Steven A. Fawcett, of a misdemeanor offense. Fawcett timely appealed to the Third District Court of Appeals.

{¶ 2} Because the crime of which Fawcett was convicted apparently took place in that portion of Fostoria, Ohio, that is located within Wood County, which is not within the Third Appellate District, the court of appeals dismissed Fawcett's appeal without prejudice for a perceived lack of jurisdiction. Fawcett then filed a motion to amend his notice of appeal in the Court of Appeals of the Sixth District, in which Wood County is located. The Sixth District denied the motion and dismissed the appeal for want of jurisdiction, reasoning that although the Fostoria Municipal Court has jurisdiction over a portion of Wood County, the appellate district in which a lower court is located determines jurisdiction over the appeal.

**{¶ 3}** The Sixth District certified that a conflict existed between its judgment and the judgment of the Third District in the same case. The certifying court supported its certification by setting forth the issue of law upon which the two appellate courts differ. It framed the conflict issue as follows: "Is the jurisdiction of an Ohio appellate district contingent upon the county where the trial court is located or upon the county where the incident which is the subject of the case occurred?" This court agreed with the certifying court that a conflict exists and accepted jurisdiction of this appeal on that basis.

**{¶ 4}** This case presents the issue of whether one must look to the geographic location of the trial court or the geographic location of the wrongdoing to determine where to bring an appeal. With this opinion we confirm that it is the geographic location of the trial court that determines the appropriate appellate court to have jurisdiction.

**{¶ 5}** The Ohio Constitution specifically confers appellate jurisdiction over inferior courts of record based upon the location of the lower court, and not upon the situs of the underlying cause of action. Section 3(A), Article IV of the Ohio Constitution provides that "[t]he state shall be divided by law into compact appellate districts in each of which there shall be a court of appeals." The jurisdiction of an appellate district is then described in Section 3(B)(2), Article IV as follows:

"Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals *within the district*." (Emphasis added.)

**{¶ 6}** Additionally, R.C. 2501.02 codifies the constitutional declaration that appellate jurisdiction is dependent upon the location of the inferior court of record:

"In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court [of appeals] shall have jurisdiction * * * to review * *

2

\* judgments or final orders of courts of record inferior to the court of appeals *within the district*." (Emphasis added.)

{¶ 7} Both the relevant constitutional and statutory provisions describe the jurisdiction of a court of appeals as dependent upon the location of the inferior court of record from which an order is being appealed. Accordingly, we hold that courts of appeals have jurisdiction to review judgments entered by those inferior courts located within the territorial boundaries of their appellate districts. See *Heckler Co. v. Napoleon* (1937), 56 Ohio App. 110, 118, 8 O.O. 171, 174, 10 N.E.2d 32, 35 (holding that, under constitutional and statutory provisions analogous to Section 3, Article IV of the Ohio Constitution and R.C. 2501.02, "the jurisdiction of the Court of Appeals to review \* \* \* judgments of the common pleas court is limited to common pleas courts within the appellate district").

{¶ 8} Applying this holding to the instant case, we note that R.C. 1901.01(A) established the Fostoria Municipal Court. That court has jurisdiction within the corporate limits of Fostoria, R.C. 1901.02(A), as well as "within Loudon and Jackson townships in Seneca county, within Washington township in Hancock county, and within Perry township in Wood county." R.C. 1901.02(B). Although the General Assembly has established that Wood County is part of the Sixth Appellate District, R.C. 2501.01(F), the Fostoria Municipal Court itself is located in Seneca County, and Seneca County is part of the Third Appellate District. R.C. 2501.01(C). Therefore, because the Fostoria Municipal Court is an inferior court of record sited in the Third District, we find that appellate jurisdiction properly rested with that district. The judgment of the Sixth District is affirmed.[1]

*Judgment affirmed.*

---

1. Fawcett seeks on appeal for this court to reverse the dismissal of his appeal to the Third District. The cause before this court is the certified conflict arising from the decision of the Sixth District, however, and not the decision of the Third District. See Section 2(B)(2)(e), Article IV, Ohio Constitution.

MOYER, C.J., PATTON, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., concurs separately.

DOUGLAS, J., dissents.

JOHN T. PATTON, J., of the Eighth Appellate District, sitting for RESNICK, J.

——————————

**PFEIFER, J., concurring.**

{¶ 9} This case is confusing because we generally associate venue with the situs of a crime. However, appellate jurisdiction does not comport with our common understanding of venue; appellate jurisdiction is constitutionally grounded in the location of the lower court. Section 3(B)(2), Article IV of the Ohio Constitution. Therefore, even though Fostoria Municipal Court is the proper venue for crimes occurring in portions of three different counties (Wood, Hancock, and Seneca) and two different appellate districts (the Sixth and the Third), appellate jurisdiction of the decisions of the Fostoria Municipal Court is proper only in the Third Appellate District.

——————————

*Barbara Dibble*, Fostoria Assistant City Prosecutor, for appellee.

*Kahler & Kahler Law Offices* and *Richard A. Kahler*, for appellant.

——————————