OPINION
Defendant-Appellant, Steven A. Fawcett ("appellant"), appeals from the March 19, 1999 judgment entry of conviction in the Fostoria Municipal Court for one count of assault pursuant to R.C. § 2901.13(A), a misdemeanor of the first degree. For the following reasons, we affirm the conviction and sentence.
The trial transcript reveals the following facts. On the evening of November 10, 1998, a fight broke out between appellant and Joshua Affholder at Jill Elchert's apartment at 1229 Perrysburg Road, Fostoria, Ohio. The parties dispute how the altercation began, but as a result Affholder sustained injuries to his face, which required medical treatment.
On December 17, 1998, Affholder filed a criminal complaint in the Fostoria Municipal Court alleging appellant knowingly caused him physical harm, in violation of R.C. § 2901.13(A). A jury trial was held on March 19, 1999 at which time the jury found appellant guilty as charged. On March 26, 1999, appellant's counsel filed a motion for judgment of acquittal and for a new trial. On April 9, 1999, the trial court overruled appellant's motions and sentenced him to fourteen days in jail and a fine of $150 plus court costs. It is from this judgment entry of conviction, sentence and denial of motions for acquittal and new trial that appellant appeals, asserting four assignments of error.
Before addressing the merits of appellant's case, we must address the procedural history of this case. Appellant filed a notice of appeal with this Court on May 7, 1999. On September 24, 1999, we dismissed appellant's appeal without prejudice based on our interpretation of appellate jurisdiction as established in Article IV, Section 3 of the Ohio Constitution and R.C. 2501.01. This incident occurred in Wood County, which is in the jurisdiction of the Sixth District Court of Appeals. We felt that proper jurisdiction lay in the appellate jurisdiction where the incident which is the subject of the case occurred. State v. Fawcett
(Sept. 24, 1999), Seneca App. No. 13-99-14, unreported.
Appellant then filed a motion to amend his notice of appeal to indicate that he was appealing to the Sixth District Court of Appeals. The Sixth District interpreted the jurisdictional requirements set forth in the Ohio Constitution and determined that it is the location of the court that dictates which appellate district has jurisdiction over cases decided in that court, not the location of the incident. "This case was heard in the Fostoria Municipal Court, which is physically located in Seneca County. Thus, the proper appellate district to hear this appeal is the Third Appellate District." State v. Fawcett (Oct. 18, 1999), Wood App. No. WD-99-062, unreported. Accordingly, the Sixth District Court of Appeals denied appellant's motion to amend the notice of appeal.
These cases were certified as in conflict by the Supreme Court of Ohio on May 3, 2000. The issue presented to the Supreme Court was as follows:
 Is the jurisdiction of an Ohio appellate district contingent upon the county where the trial court is located or upon the county where the incident which is the subject of the case occurred?
On December 28, 2000, the Supreme Court of Ohio ruled that the Ohio Constitution specifically confers appellate jurisdiction over inferior courts of record based upon the location of the lower court, and not upon the situs of the underlying cause of action. State v. Fawcett (2000),91 Ohio St.3d 1.
As a result of the Supreme Court's ruling, appellant filed a motion to reconsider and vacate the September 24, 1999 judgment dismissing his appeal with this Court. On February 22, 2001, appellant's motion was granted and his appeal was reinstated.
We will now address the merits of appellant's case as set forth in his four assignments of error.
 Assignment of Error No. 1
Appellant's trial counsel was ineffective; thus, appellant was denied his right to counsel, due process and a fair trial.
In his first assignment of error, appellant contends that there are four instances in which the trial counsel failed to conduct himself effectively, thus denying appellant a fair trial. For the following reasons, we do not agree.
The standard of review to be applied when assessing a claim of ineffective assistance of counsel is that of Strickland v. Washington
(1984), 466 U.S. 668, and State v. Bradley (1989), 42 Ohio St.3d 136. See State v. Goodwin (1999), 84 Ohio St.3d 331, 334. The Ohio Supreme Court in Goodwin stated:
 To prevail on a claim of ineffective assistance of counsel, a defendant must show, first, that "counsel's performance was deficient" and, second, that "the deficient performance prejudiced the defense. * * * [C]ounsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687. A Sixth Amendment violation does not occur "unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises to the counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136. To establish prejudice, a defendant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
Appellant's first argument in support of his assignment of error is that defense counsel was ineffective in failing to object to damaging hearsay testimony. Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted. Evid.R. 801(C). Hearsay evidence is generally inadmissible unless an exception is determined to be applicable. See Evid.R. 802.
Appellant points to eight instances where the trial counsel failed to object to hearsay testimony. The first three concern the testimony of Affholder. First, Affholder testified that Elchert told him that appellant was harassing her at work. The state ("appellee") argues that this testimony was not hearsay because it was not being offered to prove the truth of the matter asserted. Rather, it was offered to explain why Affholder was surprised when he found appellant at Elchert's apartment on the evening of November 10, 1998. We agree with appellee and find that this testimony was not hearsay.
Secondly, appellant contends that Affholder's description of Elchert's demeanor constituted hearsay. Affholder testified that Elchert was "totally out of it. She's not in reality right now. She's not believing what happened. She's traumatized." While non-verbal conduct may constitute hearsay, it must be intended as an assertion in order for the conduct to be considered hearsay. Evid.R. 801(A)(2). The Ohio Supreme Court has stated that "an assertion for hearsay purposes simply means to say that something is so, e.g., that an event happened or that a condition existed." State v. Carter (1995), 72 Ohio St.3d 545, 549. In our opinion, the conduct testified to was not assertive, therefore it was not hearsay.
Lastly, Affholder testified that Elchert told him she wanted to nurse him back to health and that she urged him to go to the police to make a statement. It appears from the record that these statements were offered for the truth of the matter asserted and therefore constitute hearsay. However, the admission of hearsay does not violate the Confrontation Clause if the declarant testifies at trial. California v. Green (1970),399 U.S. 149. Elchert, the declarant, testified as a defense witness, thus the admission into evidence of her statements to Affholder is not constitutional error. A nonconstitutional error is harmless if there is substantial other evidence to support the guilty verdict. State v. Webb
(1994), 70 Ohio St.3d 325, 335. Here, there was "substantial other evidence" to support the guilty verdict, and accordingly we find this error harmless.
Appellant next contends that a portion of Detective Kidd's testimony constitutes hearsay. Detective Kidd testified that he took statements from Elchert and Affholder together on November 11, 1998 while both were at police headquarters. The detective was not asked to testify to the contents of the statements, nor did he attempt to testify to such. Thus, Detective Kidd's testimony was not hearsay.
Appellant further argues that testimony by Kelly Lynch and June Huber concerning the phone calls made to them by Elchert is hearsay. The record reveals that Elchert called both Lynch and Huber shortly after the incident. Both witnesses testified that Elchert told them appellant had "beaten up Affholder." They both describe her as being upset, hysterically crying, and hard to understand during the phone conversations. Appellee contends that, given Elchert's demeanor and the fact that the statements were made in close proximity with the incident, these statements would fall within the excited utterance exception to the hearsay rule. Evid.R. 803(2).
The excited utterance exception allows for the admission of hearsay testimony if (1) the statement relates to a startling event, and (2) the statement is made under the stress of that event. Evid.R. 803(2), Statev. Taylor (1993), 66 Ohio St.3d 295 . The statement does not have to be made within a certain time after the event in order to be an excited utterance Id. at 303. Under the circumstances presented herein, the statements made by Elchert are excited utterances and are admissible as an exception to the hearsay rule.
Additionally, we must point out that Elchert corroborated this evidence by admitting during her testimony that she made the calls and explained to both Lynch and Huber what had occurred. Therefore, even if Lynch and Huber's statements had been hearsay, they were merely cumulative and had no effect on appellant's substantial rights. Civ.R. 52(A).
Lastly, appellant argues that portions of Officer Keefer's testimony were hearsay. Officer Keefer testified that he spoke to Elchert at the hospital and she told him who had committed the assault. Officer Keefer described her as being upset, shaking, afraid for herself and Josh, and visibly upset. The evidence establishes that Elchert was still under the stress of the excitement caused by the incident. Therefore, these statements fall under the excited utterances exception to the hearsay rule. Evid.R. 803(2). Further, appellant does not deny that he hit Affholder, but claims that his actions were justified by self-defense. Therefore, even if this testimony was hearsay, its introduction would not have been prejudicial.
Officer Keefer also testified that two days after the incident, Elchert told him that appellant had left a message on her answering machine saying he was "going to do whatever he could do to cover his ass." Upon defense counsel's objection, the court found that the tape was hearsay and refused to allow it into evidence. However, trial counsel never objected to the testimony given by the officer.
While this testimony was inadmissible hearsay, for the following reasons we find that its admission into evidence was harmless error. At trial, appellant admitted making the statement on Elchert's machine and was given the opportunity to explain what he had meant when he made this statement. Therefore, the officer's testimony that the tape existed had no prejudicial effect on appellant. Furthermore, as stated previously, nonconstitutional error is harmless if there is substantial other evidence to support the guilty verdict. State v. Webb (1994),70 Ohio St.3d 325, 335. Such evidence exists in this matter and accordingly, we find the error harmless beyond a reasonable doubt.
In conclusion, of the eight instances of alleged error, we find that three do not meet the definition of hearsay and three fall within a hearsay exception. We agree with appellant that two of the instances are hearsay to which trial counsel should have objected. However we find that admission of such evidence to be harmless error. Therefore, we do not agree with appellant that but for the admission of this testimony, the outcome of the trial would have been different.
Appellant next argues that trial counsel was ineffective in failing to properly exercise peremptory challenges during jury selection. Specifically, appellant contends that trial counsel erred in only using one peremptory challenge when there were other venire persons not conducive to a defense posture. For the following reasons, we disagree.
It is well settled that decisions on the exercise of peremptory challenges are a part of trial strategy. State v. Goodwin,84 Ohio St.3d at 341. Counsel's failure to exercise peremptory challenges is not ineffective assistance where jurors indicate they can put their personal feelings aside and judge the case on the merits. State v. Davis (1991),62 Ohio St.3d 326, 350.
In the case before us, appellant challenges three venire persons, however only one of these people, Tracy Potter, was actually a juror. During voir dire, Ms. Potter indicated that one of the prosecutors was her mother's attorney and that her brother was a police officer in the City of Findlay. When questioned about these situations, Ms. Potter indicated that they would in no way effect her ability to be fair and impartial or to listen and base her decision on the evidence. For these reasons, the record does not support a conclusion that counsel's failure to exercise peremptory challenges constituted ineffective assistance.
Appellant also contends that trial counsel was ineffective by failing to object to Affholder's testimony regarding appellant's past bad acts. Specifically, Affholder testified about a past confrontation between himself and appellant. Thereafter, appellant gave his version of the incident as well as other incidents concerning Affholder.
Appellant argues that had trial counsel objected to Affholder's testimony, the evidence would have been excluded and appellant would not have been forced to address the issue during his testimony. Appellee argues that Affholder's testimony proved motive and intent and was admissible under Evid.R. 404(B). We do not agree with appellee's contention, but to reverse we must find that appellant was materially prejudiced by the evidence. State v. Lowe (1994), 69 Ohio St.3d 527,532. As we previously held, "[i]f the other admissible evidence admitted, standing alone, constitutes overwhelming proof of guilt, the error is harmless." State v. Hutton (1990), 53 Ohio St.3d 36, 41. There is sufficient evidence, absent the reference to the prior confrontation, upon which the jury could have found that appellant was guilty beyond a reasonable doubt. We also find that this line of testimony was vital to appellant's claim of self-defense and helped bolster his contentions rather than prejudice him. Therefore, the testimony concerning the prior confrontation did not render the trial unfair.
Lastly, appellant argues that trial counsel was ineffective by eliciting Elchert's testimony as a defense witness. Appellant contends that he was severely damaged by Elchert's testimony because "she came across as a vacillating tart not to be believed and probably to have been put up to her testimony by the defendant." It is well settled that decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. State v. Coulter (1992),75 Ohio App.3d 219, 230. Thus, our scrutiny of counsel's performance is highly deferential. Id.
From the record, it appears that Elchert was called as a witness in order to corroborate appellant's claim of self-defense. Her testimony painted a less than favorable picture of Affholder, in that she described her relationship with him as "hell." Elchert further testified that she was always scared of Affholder, that he was possessive and violent, and had threatened appellant in the past. The prosecution may have been able to discredit parts of Elchert's testimony, but that is the nature of cross-examination. Furthermore, Elchert was the only person that could corroborate appellant's story. Undoubtedly defense counsel would have preferred to have a witness whose credibility was unimpeachable, however he was stuck with the witnesses as they presented themselves. Thus, we cannot say that appellant's counsel's choice of strategy was deficient or that appellant was prejudiced by counsel's performance.
For these reasons, appellant's first assignment of error is overruled.
 Assignment of Error No. 2
The trial court erred by overruling defendant's motion for judgment of acquittal and motion for a new trial.
Appellant contends that the trial court erred by denying his motions for judgment of acquittal and motion for a new trial. For the following reasons, we disagree.
Crim.R. 29(A) provides:
 * * * The court * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
When ruling on a motion for judgment of acquittal pursuant to Crim.R. 29, the trial court is required to construe the evidence most strongly in favor of the state, the party against whom the motion has been directed.State v. Fyffe (1990), 67 Ohio App.3d 608. The inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259. A reviewing court may not reverse a judgment of conviction in a criminal case where the guilty verdict was returned by the trier of fact on sufficient evidence and no prejudicial error occurred in the trial of the case. State v. DeHass (1967),10 Ohio St.2d 230.
Appellant asserts that the affirmative defense of self-defense had been proven by a preponderance of the evidence. In order to establish self-defense, the appellant must prove; (1) that he was not at fault in creating the situation giving rise to his use of force; and (2) he had reasonable grounds to believe and an honest belief, even though mistaken, that he was in immediate danger of bodily harm and that his only means to protect himself from such danger was by the use of force not likely to cause death or great bodily harm.
While both parties dispute who initiated the altercation, appellant is the only person that testified that he was being choked by Affholder and was forced to punch him several times to escape from the chokehold. In construing the evidence in favor of the state, this court finds that reasonable minds could reach different conclusions as to whether appellant proved each element of self-defense by a preponderance of the evidence and, therefore, the trial court properly denied appellant's motion for acquittal.
Appellant also asserts that the trial court erred in denying his motion for a new trial under Crim.R. 33(A)(4). The granting of a motion for a new trial, pursuant to Crim.R. 33, is within the sound discretion of the trial court, and an appellate court cannot reverse the trial court's order unless there has been an abuse of that discretion. State v.Shepard (1983), 13 Ohio App.3d 117. The test for determining whether a verdict is sustained by sufficient evidence is essentially the same determination made when ruling on a motion for judgment of acquittal. When reviewing the sufficiency of the evidence in a criminal case, the court must examine the evidence admitted at trial and determine whether the evidence, if believed, would convince the average mind of appellant's guilt beyond a reasonable doubt. Jenks, 61 Ohio St.3d at 259. In the case before us, we believe the evidence is sufficient to convince the average mind that appellant is guilty beyond a reasonable doubt. Thus, we do not find that the trial court abused its discretion in this matter. Accordingly, appellant's second assignment of error is overruled.[1]
 Assignment of Error No. 3
The trial court abused its discretion by admitting in evidence the state's photographic exhibits A, B, C, D, J, K, and L.
In his third assignment of error, appellant argues that the use of certain photographic evidence was improper. For the following reasons, we do not agree.
It is well settled that the determination of whether photographs meet the test for admissibility rests within the sound discretion of the trial court. State v. Slagle (1992), 65 Ohio St.3d 597, 601; State v. Mauer
(1984), 15Ohio St.3d 239, 264. This court must not interfere with a trial court's balancing of probative value and prejudicial effect "unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby * * *." Slagle, 65 Ohio St.3d at 602, quoting Statev. Hymore (1967), 9 Ohio St.2d 122.
The record reveals that the trial judge admitted seven of the ten photographs offered by the prosecution. The first three were photographs taken by Elchert three days after the incident depicting the victim's injuries. The next four were 8 x 10 photographs taken the night of the incident by Fostoria Community Hospital emergency room personnel and maintained as part of the medical record. Other photographs were excluded by the trial judge as being "cumulative and not necessary." The photographs accurately depicted the nature of the victim's wounds and corroborate his testimony. The probative value of these photographs is evident, as evidence that the victim suffered physical harm. We cannot find that the trial court abused its discretion in finding that the probative value of the photographs was outweighed by the prejudicial effect. For these reasons, we find that the photographs were properly admitted into evidence.
Accordingly, appellant's third assignment of error is overruled.
 Assignment of Error No. 4
The state's counsel committed prosecutorial misconduct by failing to make timely disclosure of discovery of medical examination reports and thus the prosecutors violated appellant's right to a fair trial and due process of law as guaranteed by the constitutions of the State of Ohio and the United States.
Appellant contends that state's counsel committed misconduct by failing to make timely disclosure of two letters received by them shortly before the trial began. For the following reasons, we disagree.
The letters appellant is contesting were received from Affholder's treating physicians approximately one week before the trial began. The prosecution had originally sought these letters to establish the seriousness of Affholder's injuries in order to determine whether appellant could be charged with a felony. The letters were not introduced during the trial, but were mentioned by the prosecution at the sentencing hearing. The letters were not disclosed to appellant until the sentencing hearing. Appellee argues that these letters were not discoverable under Crim.R. 16(B) because they were not intended to be used at trial, they were not favorable to appellant, and they were work product.
The test for prosecutorial misconduct is whether remarks were improper and, if so, whether the rights of the accused are materially prejudiced.State v. Smith (1984), 14 Ohio St.3d 13, 14. Although the record reveals that the prosecution mentioned these letters at the sentencing hearing, the record clearly reveals that the court disregarded the letters and any inferences drawn from them. In fact, the trial judge specifically indicated:
 "* * * Furthermore, this is not a felony reduced to a misdemeanor; that it was charged and tried as a misdemeanor and I will deal with it as a misdemeanor. And I do not intend to use the fact that there was the possibility it could have been, uh, sent out over [sic] the Common Pleas Court in Wood County as a felony. I do not intend to consider that for purposes of appropriate sentence in this case."
While the prosecution should have been more forthcoming in complying with appellant's discovery request, we cannot find that appellant was prejudiced by the prosecution's reference to these particular letters during sentencing. Accordingly, appellant's fourth assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 __________ HADLEY, J.
 WALTERS, P.J., and BRYANT, J., concur.
[1] Appellant also argues that the trial court gave the jury improper instructions. However, the specific instructions appellant challenges (Instruction 6(B) and 6(F)) were not in fact given to the jury. Regardless, appellant failed to object to the instructions before the jury retired, therefore, this issue has not been properly preserved for appeal.