(65 P.3d 544)
No. 88,976

CITY OF MULVANE, KANSAS, *Appellee,* v. JEFFERY ROBERTS, *Appellant.*

Opinion filed March 28, 2003.

*Bruce A. Swenson,* of Derby, for appellant.

*Bruce L. Stewart,* Mulvane City Prosecutor, for appellee.

Before RULON, C.J., JOHNSON, J., and ROGG.J.

JOHNSON, J.: Following conviction in municipal court for traffic-related violations of the Mulvane City Code, Jeffery T. Roberts filed a notice of appeal directly with the Sumner County District Court. The district court dismissed Roberts' appeal, finding it lacked jurisdiction to hear an appeal from a municipal court located in Sedgwick County and, without jurisdiction, it could not transfer the appeal to Sedgwick County. We disagree with Roberts' assertions that Sumner County had concurrent jurisdiction to hear the appeal, or, in the alternative, that the Sumner County Court should have transferred the appeal to Sedgwick County. Accordingly, we affirm.

The principal fact, making this case unique, is the location of the City of Mulvane astraddle the Sedgwick/Sumner Counties boundary line. Roberts' municipal court convictions arose from two separate incidents within the corporate limits of Mulvane. The first occurred at the intersection of First and Main, which is situated in Sumner County; the second was at the intersection of Second and Helbert, in Sedgwick County. The district court found, and the parties do not contest, that the Mulvane municipal courthouse is physically located in the Sedgwick County portion of the city.

After Roberts filed his notice of appeal directly with the Sumner County District Court, Mulvane moved to dismiss the appeal for lack of jurisdiction because Roberts failed to file a timely notice of appeal in Sedgwick County. Roberts asserted that Sumner County did have jurisdiction, but, if the court disagreed, he asked that the appeal be transferred to Sedgwick County, in lieu of dismissal. The district court issued a memorandum of opinion, finding that the applicable statutes required the appeal to be filed with the Sedgwick County District Court; the statutes governing the filing of a notice of appeal are jurisdictional; and the court could not transfer the appeal because it had never acquired jurisdiction.

## JURISDICTION

Roberts first argues that Sumner County District Court did have jurisdiction to hear his appeal. Determination of the issue requires us to interpret two statutes dealing with municipal court appeals: K.S.A. 12-4601 and K.S.A. 2002 Supp. 22-3609. The interpretation of a statute is a question of law subject to this court's unlimited review. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). Similarly, this court has unlimited review over the existence of jurisdiction. *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997 P.2d 681 (2000).

K.S.A. 12-4601 provides:

"An appeal may be taken *to the district court in the county in which said municipal court is located:*
  "(a) By the accused person in all cases; and
  "(b) By the city upon questions of law.

"The appeal shall stay all further proceedings upon the judgment appealed from." (Emphasis added.)

K.S.A. 12-4602 directs the aggrieved party to the procedure in K.S.A. 2002 Supp. 22-3609, which states:

"(1) The defendant shall have the right to appeal *to the district court of the county* from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas. The appeal shall be assigned by the chief judge to a district judge. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to the district court shall be taken by filing, *in the district court of the county in which the municipal court is located,* a notice of appeal and any appearance bond required by the municipal court. Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds under this subsection and shall forward such notices and bonds to the district court. No appeal shall be taken more than 10 days after the date of the judgment appealed from." (Emphasis added.)

Roberts argues the reference in K.S.A. 2002 Supp. 22-3609(1) to the "district court of the county" is ambiguous, especially in light of the aberrant fact that Mulvane is geographically located in both Sumner and Sedgwick Counties. He then urges us to resolve the ambiguity in favor of the accused by determining the referenced "county" can be either Sumner or Sedgwick.

While criminal statutes should be strictly construed in favor of the accused, statutory interpretation must be reasonable and sensible to legislative design and intent. *State v. McGill,* 271 Kan. 150, 154, 22 P.3d 597 (2001). The provisions of an act should be considered *in pari materia,* rather than as isolated parts, to reconcile different provisions so as to make them consistent and harmonious. *State v. Hymer,* 271 Kan. 716, 723, 26 P.3d 63 (2001). Likewise, "[g]eneral and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling. [Citation omitted.]" *In re Estate of Antonopoulos,* 268 Kan. 178, 189, 993 P.2d 637 (1999). K.S.A. 2002 Supp. 22-3609(1) addresses the *right* to appeal, and subsection (2) addresses the specific procedure for *filing* an appeal. The latter subsection clearly requires the notice of appeal from a municipal court conviction to be filed in the

county where the municipal court is located. Reading all of K.S.A. 2002 Supp. 22-3609 in conjunction with K.S.A. 12-4601 creates no ambiguity.

Roberts' better argument is that the "county in which the municipal court is located" refers to the county in which the municipal court exercises its jurisdiction, rather than the county that contains the physical courthouse. The jurisdiction of the Mulvane Municipal Court extends into both Sumner and Sedgwick Counties; arguably, then, the municipal court is located in both counties. Intuitively, a municipal code violator whose offense occurred in Sumner County would naturally expect to appeal to the Sumner County District Court. On the other hand, Roberts was required to enter Sedgwick County to answer the municipal charges which were being handled through the courthouse situated in that county.

Nothing before us suggests the legislature contemplated how to define the location of the municipal court of a city which encompasses portions of two counties. The issue is one of first impression in this State. *State v. Fawcett*, 91 Ohio St. 3d 1, 740 N.E.2d 654 (2000), provides us with some insight. There, the defendant appealed from his conviction in the Municipal Court of Fostoria, Ohio. The Third Appellate District dismissed the defendant's appeal for lack of jurisdiction because the crime took place in that portion of Fostoria located in Wood County, which was part of the Sixth Appellate District. Later, the Sixth Appellate District dismissed the defendant's motion to amend his appeal because Fostoria's municipal court building was located in Seneca County, which was in the Third Appellate District. Due to this conflict, the Ohio Supreme Court granted review.

The court reviewed the controlling constitutional and statutory phrases that stated: " '[T]he court [of appeals] shall have jurisdiction . . . to review . . . judgments or final orders of courts of record inferior to the court of appeals *within the district*.' " 91 Ohio St. 3d at 2. The court held that the location of the municipal court, and not the location of the offense, dictated the proper district for an appeal. 91 Ohio St. 3d at 2-3. The court implicitly considered the location of the courthouse as the location of the municipal court. The concurring opinion noted that the common understand-

ing of venue, *i.e.* that it is associated with the situs of the crime, did not apply to appellate jurisdiction. 91 Ohio St. 3d at 3.

One would naturally refer to the courthouse, which contains the judge's chambers, court records, and courtroom in which the defendant appears to answer the charges against him or her, as the location of the municipal court. We find the Mulvane Municipal Court was located in Sedgwick County and an appeal from that city court must be filed in Sedgwick County District Court.

## TRANSFER OF VENUE

Roberts claims that if he did file his notice of appeal in the wrong district court, Sumner County should have transferred his appeal to the Sedgwick County District Court, rather than dismiss. In support, Roberts cites to *Russell v. Lamoreaux Homes, Inc.*, 198 Kan. 447, 424 P.2d 561 (1967), which involved an employer's appeal of a workers compensation award. That case is distinguishable because there the appeal was correctly filed with the director, even though the appellant designated the incorrect district court to which the director forwarded the appeal. Therefore, the remedy was for the incorrect court to remand to the director for filing with the correct district court. *Russell* would be more analogous to Roberts' situation if he had filed his notice of appeal with the municipal court clerk, who then sent it to Sumner County District Court. However, Roberts not only designated the wrong district court, but he also filed it directly with Sumner County. The district judge did not have the option to return the notice of appeal to the municipal clerk. We do not reach the question of whether an incorrectly captioned notice of appeal filed with the municipal court requires dismissal.

As the district court correctly noted, the right to appeal is entirely statutory. Neither the federal Constitution nor the Kansas Constitution requires appellate review. Unless provided by statute, an appellate court has no jurisdiction to entertain an appeal by a defendant in a criminal case. *City of Wichita v. Patterson*, 22 Kan. App. 2d 557, 557-58, 919 P.2d 1047, *rev. denied* 260 Kan. 992 (1996). The failure to comply with the statutory procedure for municipal appeals is a jurisdictional defect which deprives the district

court of jurisdiction to proceed with the appeal. *City of Overland Park v. Barron,* 234 Kan. 522, 526, 672 P.2d 1100 (1983).

The district court correctly found that it had no jurisdiction, *ab initio*, and was without authority to transfer the case to Sedgwick County. The court's only option was to dismiss the appeal, leaving Roberts to seek an untimely appeal with the Sedgwick County District Court. *Cf. State v. Ortiz,* 230 Kan. 733, 640 P.2d 1255 (1982).

Affirmed.